United States Court of Appeals,

Eleventh Circuit.

No. 95-3006.

Luis E. GARCIA, M.D., Plaintiff-Appellant,

v.

COPENHAVER, BELL & ASSOCIATES, M.D.'S, P.A., Defendant-Third Party Plaintiff-Appellee,

St. Paul Fire & Marine Insurance Company, Third Party Defendant.

Feb. 3, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-387-CIV-T-17A), Thomas B. McCoun, III, Judge.

Before EDMONDSON, Circuit Judge, FAY, Senior Circuit Judge, and ALDRICH[*], Senior District Judge.

FAY, Senior Circuit Judge:

Appellant, Luis E. Garcia ("Garcia"), filed a complaint against appellee, Copenhaver, Bell & Associates, M.D.'s, P.A. ("Copenhaver/Bell"), alleging Copenhaver/Bell discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994). At the conclusion of a jury trial (but before the case was submitted to the jury), the Magistrate Judge,[1] after hearing the evidence presented from both sides, made the factual determination that Copenhaver/Bell was not an "employer" as defined by ADEA and dismissed the case for lack of subject matter jurisdiction pursuant

---

[*]Honorable Ann Aldrich, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation.

[1]The parties consented to proceed to trial before United States Magistrate Judge Charles R. Wilson. Subsequently, the case was reassigned to United States Magistrate Judge Tom B. McCoun III.

to Fed.R.Civ.P. 12(b)(1). Moreover, given the facts of this case, in determining that Copenhaver/Bell was not an "employer," the Magistrate Judge also indirectly decided that Garcia was not an "employee," but an independent contractor. Garcia appeals the Magistrate Judge's ruling dismissing the case for lack of subject matter jurisdiction.[2] Partly based on the procedural confusion (*see supra* note 2), the parties' briefs do not fully address the true issue before the Court.

The issue that emerges on appeal is whether the factual determination that defendant is or is not an "employer" is an element of the cause of action in an ADEA case. For purposes of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), Eleventh Circuit precedent seems to direct the judge, and not a jury, to decide whether Copenhaver/Bell is an "employer." The importance of determining whether an "employer" is an element of the claim, is that it will determine the procedural posture of the Magistrate Judge's ruling. If we should find that being an "employer" is an element of an ADEA case, then well established precedent requires the district court, in ruling on a motion to dismiss, "to find that jurisdiction exists and deal with the objection as a direct attack

---

[2]Specifically, on appeal, Garcia contends "the district court erred in directing a verdict for Copenhaver/Bell...." We assume, because the Magistrate Judge issued its decision at the end of the trial and because a motion for directed verdict was pending, Garcia believes the Magistrate Judge entered a directed verdict in favor of Copenhaver/Bell. Accordingly, Garcia contends the standard of review in directed verdict cases should apply and the Magistrate Judge should be reversed. However, for reasons discussed later in this opinion, Garcia's argument is procedurally flawed. The Magistrate Judge did not enter a directed verdict, but rather ruled on Copenhaver/Bell's "notices" suggesting lack of subject matter jurisdiction filed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

on the merits of the plaintiff's case." *Simanonok v. Simanonok,* 787 F.2d 1517, 1520 (11th Cir.1986) (quoting *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)). The appropriate standard of review would then be the one applicable to Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56 motions, "both of which place greater restrictions on the district court's discretion." *Williamson,* 645 F.2d at 415.

Because in the instant case we hold that whether or not the defendant is an "employer" as defined in the Act goes to the merits of an ADEA case, we believe the Magistrate Judge erred in resolving questions of fact pursuant to Rule 12(b)(1). In finding that being an "employer" is an element of an ADEA claim, we rely upon analogous cases within this Circuit, persuasive cases from other circuits that have found being an "employee" to be an element of the cause of action, and the unusual factual scenario presented by this case. In accordance with this holding, the proper procedure for a district court is to assume jurisdiction and utilize the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment. Applying these standards to the case at hand, the motion to dismiss should have been denied on the merits and the jury allowed to decide the issue of whether Copenhaver/Bell was an "employer" and consequently whether Garcia was an "employee." Accordingly, for the reasons discussed below, we reverse the Magistrate Judge's order dismissing the case for lack of subject matter jurisdiction and remand the case for a jury trial.

## I. BACKGROUND

Garcia is a physician in emergency medicine. In 1991, Garcia

submitted an application to Copenhaver/Bell, an exclusive provider of emergency room doctors to nine hospitals in Florida. Copenhaver/Bell matches physicians to hospitals after considering the physicians' temperaments and the volume of patients and their acuity. On August 26, 1991, Garcia and Copenhaver/Bell entered into a "Medical Service Sub-Contract" ("the Contract") pursuant to which Garcia would provide emergency room services to Mease Hospital in Dunedin, Florida. The Contract was for one year with automatic renewal unless terminated by either party.

Paragraph seven of the Contract provides in pertinent part:

[Garcia] shall perform his duties and obligations hereunder as an *independent contractor and not as an employee.* Accordingly, [Copenhaver/Bell] shall not exercise control, or have the right to control, [Garcia] as to the specific means or manner in which [Garcia] discharges his duties hereunder and [Garcia] shall perform his duties at all times in accordance with the exercise of his independent medical judgment.... Nothing herein shall be construed to create a partnership, joint venture, agency or other relationship between the parties *other than an independent contractor relationship.* (Emphasis added).

The Contract contained other limitations on the relationship between the parties. For instance, the Contract required Garcia to maintain various certifications and licenses; obligated Garcia and Copenhaver/Bell respectively to provide at least ninety or sixty days notice of termination; authorized liquidated damages against Garcia in the event of his premature termination of the contract; based Garcia's compensation on an hourly rate; and permitted Garcia to determine his own schedule in conjunction with the other physicians at the hospital. Over thirty other physicians entered into similar contracts with Copenhaver/Bell to perform emergency work at various Florida facilities.

Garcia was subjected to a six-month probationary period once he began working at Mease Hospital. On July 14, 1992, Dr. Solomon, assistant director of the emergency department at Mease Hospital, informed Garcia that he had successfully completed his probationary term. On that same day, however, Mr. David Mitchell, an administrator for Copenhaver/Bell, informed Garcia that Copenhaver/Bell was forced to replace him due to "hospital politics." Pursuant to the Contract's termination clause, Garcia continued to practice at Mease Hospital for an additional sixty days.

On March 8, 1994, Garcia filed a complaint against Copenhaver/Bell alleging age discrimination under ADEA. Following some discovery, Copenhaver/Bell filed a motion for summary judgment contending there was no disputed issue of material fact and Garcia, as a matter of law, was an independent contractor. *See Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1495 n. 13 (11th Cir.1993) ("The ADEA does not provide relief for discrimination against an independent contractor."). The Magistrate Judge entered an order denying Copenhaver/Bell's motion for summary judgment. In denying the motion, the Magistrate Judge concluded there were questions of fact as to whether Garcia was an "employee" or an independent contractor.

Prior to the Magistrate Judge's order denying the motion for summary judgment, Copenhaver/Bell filed a "Notice of Suggestion of Lack of Subject Matter Jurisdiction" and then an "Amended Notice of Suggestion of Lack of Subject Matter Jurisdiction."[3] The argument

---

[3]The two "notices" are virtually the same.

advanced in these two pleadings was that Copenhaver/Bell did not employ twenty or more "employees," and therefore was not an "employer" as defined in ADEA. The court would then lack subject matter jurisdiction. The Magistrate Judge did not rule on these notices before commencement of the trial.

On the first day of trial, the Magistrate Judge discussed preliminary matters with the parties. One of the issues raised was whether the court had subject matter jurisdiction over the proceedings. Counsel for Copenhaver/Bell stated, "the issue of subject matter jurisdiction. If you want, I can do the motion right now. I might have to dismiss for lack of jurisdiction. I understood during a status conference, you would discuss that during the course of the trial." To which the Magistrate Judge responded: "Correct. At the appropriate time, we will move on the motions taken under advisement. With regards to that [subject matter jurisdiction], what amount of evidence deals with that issue and does not, for instance, relate to Dr. Garcia's claim,...." Later on, the Magistrate Judge further commented, "[t]he reason it occurs to me if we are going to get into a series of witnesses that will take—purely on that issue [subject matter jurisdiction], it may be necessary to do that outside the hearing of the jury. But it may not be necessary because it seems to me to a certain extent I think there's an overlap." Garcia proceeded to present evidence in front of the jury.

At the conclusion of Garcia's case, Copenhaver/Bell stated it had two motions to make. Copenhaver/Bell announced it would reassert its motion to dismiss for lack of subject matter

jurisdiction and also move for a directed verdict pursuant to Fed.R.Civ.P. 50(a). The motion for directed verdict was premised on *Proud v. Stone,* 945 F.2d 796 (4th Cir.1991). In *Proud,* the Fourth Circuit affirmed the district court's dismissal of the case holding that the plaintiff failed to establish pretext. *Id.* In other words, Copenhaver/Bell's motion for directed verdict was based on Garcia's failure to establish pretext, and not subject matter jurisdiction. The Magistrate Judge did not rule on the two motions, but stated he would "make a ruling before the matter is presented to the jury." Copenhaver/Bell then presented its case. Once it concluded its case in chief, Copenhaver/Bell reasserted the motion for directed verdict and motion to dismiss on the same grounds raised previously.

Prior to submitting the case to the jury, the Magistrate Judge issued a ruling from the bench dismissing the case for lack of subject matter jurisdiction. The Magistrate Judge determined that the approximately thirty emergency physicians having contracts with Copenhaver/Bell were independent contractors and therefore could not be included in the total number of "employees" employed by Copenhaver/Bell. If the emergency physicians were not "employees," Copenhaver/Bell was not an "employer" since it did not employ the requisite twenty or more employees required by ADEA.[4] The court, therefore reasoned that it lacked subject matter jurisdiction and dismissed the case.

Following the trial, the Magistrate Judge issued a written

[4]The parties agreed that if the physicians are considered independent contractors, Copenhaver/Bell does not employ twenty or more employees and is not an "employer."

order on Copenhaver/Bell's two notice pleadings suggesting lack of subject matter jurisdiction. In the order, the court stated, "having proceeded forward with the jury trial in this cause and having taken evidence on the issue of subject matter jurisdiction, as framed by the Defendant, and ... for reasons more fully stated on the trial record, Thursday, June 29, 1995, the court finds that the Defendant does not employ the necessary twenty (20) or more employees and thus, the court is without subject matter jurisdiction under the Age Discrimination [in] Employment Act (29 U.S.C. § 621 *et seq.*)."

## II. DIRECTED VERDICT OR MOTION TO DISMISS?

Before determining the applicable standard the Magistrate Judge should have employed, we must decide the basis upon which the Magistrate Judge ruled; i.e., did he treat the notices as motions to dismiss under 12(b)(1), after hearing the evidence, or did he grant a motion for directed verdict. On appeal, Garcia contends the Magistrate Judge granted a directed verdict.

From the record before us and after reading the Magistrate Judge's order disposing of the "notices," it appears that the procedural posture set forth in the Magistrate Judge's order is more accurately described as a ruling on a motion to dismiss, instead of on a motion for directed verdict. It seems the Magistrate Judge, during the course of the jury trial, simultaneously conducted an evidentiary hearing on the issue of subject matter jurisdiction. After hearing both sides present evidence on the issue, the Magistrate Judge concluded it was without jurisdiction to hear the case. In addition,

Copenhaver/Bell's motion for directed verdict was based on Garcia's absence of establishing pretext, and not on the district court's lack of jurisdiction. Neither in his ruling from the bench nor in his written order disposing of the notices does the Magistrate Judge mention pretext. Rather, the substance of his two related rulings was subject matter jurisdiction. The language contained in the written order is clear. The Magistrate Judge dismissed the case for lack of subject matter jurisdiction. Thus, in essence, the Magistrate Judge treated Copenhaver/Bell's "notices" as motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As such, we will evaluate the case in light of the standards governing Fed.R.Civ.P. 12(b)(1) motions.

### III. STANDARD FOR RULE 12(B)(1) MOTION TO DISMISS

We begin by observing that it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction. *Simanonok v. Simanonok,* 787 F.2d 1517, 1519 (11th Cir.1986). Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990). Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (quoting *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980), *cert. denied,* 449 U.S.

953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). " "Factual attacks', on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Id.*

The present case involves a factual attack, and not a facial attack. On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action. *Lawrence,* 919 F.2d at 1529. If the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action, then:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence,* 919 F.2d at 1529 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)).

On the other hand, if an attack on subject matter jurisdiction also implicates an element of the cause of action, then:

> [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule

12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.... [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Williamson v. Tucker,* 645 F.2d 404, 415-16 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). With these principles in mind, we will next address whether being an "employer" implicates an element of a cause of action under ADEA. In our case, the Magistrate Judge believing that question did not implicate the merits, weighed the evidence and concluded it was without subject matter jurisdiction to entertain the case. Should we find that being an "employer" does not implicate the elements, then the Magistrate Judge was correct in weighing the evidence and determining that it was without jurisdiction to hear the case pursuant to Rule 12(b)(1). If, however, the question of whether or not the defendant is an "employer" as defined in the Act does implicate the elements of the plaintiff's claim, then the Magistrate Judge is forced to proceed under Rule 12(b)(6) or Rule 56, unless Garcia's case is "clearly immaterial or insubstantial." *Id.*

## IV. ELEMENT OF AN ADEA CLAIM?

*A. "Employer"*

Copenhaver/Bell asserts that it is not an "employer" as that term is defined by ADEA, because it does not employ "twenty or more employees." Rather, Copenhaver/Bell contends that the majority of

its "employees" are independent contractors. Copenhaver/Bell further argues that determining if it is an "employer" is solely a jurisdictional question (and not an element of the claim) that should be decided by the judge pursuant to the standards connected with a motion under Fed.R.Civ.P. 12(b)(1). In support of this position, during oral argument before the Court and in supplemental filings, counsel for Copenhaver/Bell cited several non-binding cases. Neither party directed this Court to binding precedent addressing whether establishing the defendant as an "employer" is a necessary element to prove an ADEA claim. The issue seems to be one of first impression in this Circuit.[5]

The Ninth Circuit has stated that "the question of jurisdiction and the merits of an action will be considered intertwined where ... "a statute provides the basis for both the

---

[5]The closest case we were able to locate addressing the issue is *Fike v. Gold Kist, Inc.,* 514 F.Supp. 722 (N.D.Ala.) *aff'd,* 664 F.2d 295 (11th Cir.1981). The Eleventh Circuit's affirmance is referenced in "Decisions without Published Opinions." Eleventh Circuit Rule 36-2 entitled "Unpublished Opinions" states in part that "[u]npublished opinions are not considered binding, precedent." Accordingly, we are not bound by *Fike.*

In *Fike,* female-plaintiffs filed suit against defendants alleging violations of Title VII when they were terminated because of their pregnancies. *Fike,* 514 F.Supp. at 723. A defendant moved to dismiss the complaints pursuant to Rule 12(b)(1), arguing that it did not meet the statutory definition of "employer" because it did not employ fifteen or more employees. *Id.* The district court, after making findings of fact, granted defendant's motion to dismiss based on lack of subject matter jurisdiction. *Id.* at 723-28. Based on this case, it appears the Eleventh Circuit affirmed a district court's order that found whether or not a defendant is an "employer" in a Title VII case is an issue that can be factually resolved by a judge pursuant to Rule 12(b)(1). However, we also note that at the time of this decision Title VII cases were tried non-jury.

subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.' " *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,* 711 F.2d 138, 139-40 (9th Cir.1983) (quoting *Timberlane Lumber Co. v. Bank of America,* 549 F.2d 597, 602 (9th Cir.1976)). Thus, initially we will turn to ADEA to see if the statute provides the basis for both subject matter jurisdiction and the plaintiff's substantive claim for relief.[6]

Congress passed ADEA in 1967 to protect older workers against discrimination in the workplace. *E.E.O.C. v. Chrysler Corp.,* 759 F.2d 1523, 1524 (11th Cir.1985). More specifically, the portion of the statute that provides the substantive relief states in part:

> (a) Employer practices

It shall be unlawful for an employer—

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

29 U.S.C. § 623(a)(1). In its definitions' section, ADEA defines "employer" in part as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

---

[6]The parties do not dispute that ADEA's "employer" and "employee" provide a basis for subject matter jurisdiction. Indeed, we agree with the parties that "employer" and "employee" provide a basis for subject matter jurisdiction. For example, if from the face of plaintiff's complaint it is apparent that defendant-employer does not employ more than twenty employees, then a court could dismiss an ADEA claim for lack of subject matter jurisdiction, as ADEA only applies to employers who employ "twenty or more employees." Accordingly, because the parties agree "employer" is jurisdictional, we only need to consider if ADEA's "employer" and "employee" also provide a basis for plaintiff's substantive claim for relief.

calendar year:...."  29 U.S.C. § 630(b), and "employee" as "an individual employed by any employer...."  29 U.S.C. § 630(f).  The section provides no further guidance as to the scope of the "employee" term.  *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1495 (11th Cir.1993).

From the plain language of the statute, it appears the elements of an ADEA claim under § 623(a)(1) can be summarized as follow, a plaintiff must prove:  1) an employer, 2) failed or refused to hire or to discharge, 3) any individual, 4) with respect to his compensation, terms, conditions, or privileges of employment, 5) because of such individual's age.  Stated simply, it seems a plaintiff can only recover if he is able to prove an **"employer"** discriminated against him/her on the basis of age.  In order to determine if a defendant qualifies as an "employer" and, consequently, whether ADEA will even apply, we must turn to ADEA's definitions' section.

In other words, it seems the section of ADEA that provides the substantive relief, § 623, is intertwined and dependent on the section of ADEA that defines the scope of the act, § 630.  An analysis of the two sections is circular as the two sections are dependent on one another.  For a plaintiff to recover under the act, plaintiff must prove as part of his claim that an "employer" discriminated against him/her.  To prove that a defendant is an "employer," a plaintiff must satisfy the definition of "employer" set forth in § 630(b).

In reaching this analysis, we draw comparisons to securities cases, in which this Court has "specifically held that the

definition of the term "security' in the context of a suit based on the federal securities laws may reach the merits of the case and thereby limit the court's discretion to dismiss for lack of subject matter jurisdiction." *Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *See also Bell v. Health-Mor, Inc.,* 549 F.2d 342 (5th Cir.1977); *Hilgeman v. National Ins. Co. of America,* 547 F.2d 298 (5th Cir.1977).

For example, in *Williamson,* plaintiffs, investors in "joint venture interests," filed suit pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934 ("the Acts"), alleging that the "joint venture interests" were securities within the meaning of the Acts. The district court dismissed the case for lack of subject matter jurisdiction finding that the "joint venture interests" were not securities. The Fifth Circuit reversed. In doing so, it stated, "[i]n this case it is clear that the jurisdictional issue reaches the merits of the plaintiffs' case; if the joint venture interests and notes are not securities, there is not only no federal jurisdiction to hear the case but also no federal cause of action on the stated facts." *Williamson,* 645 F.2d at 416. Since the Court found the issues intertwined, the district court's dismissal for lack of subject matter jurisdiction was proper only if plaintiffs' claim was immaterial or insubstantial. *Id.*

In order to determine if the "joint venture interests" were securities covered by the Acts, the parties and the district court looked to the Acts' definitions of "security" and the Supreme

Court's analysis of securities in *Securities & Exchange Commission v. W.J. Howey Co.,* 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). Similarly, in this case, in order to determine if "employers" and "employees" are covered by ADEA, we look to ADEA's definitions of the terms and case law interpreting the terms. As the Court found in *Williamson,* "if [Copenhaver/Bell is not an "employer,'] there is not only no federal jurisdiction to hear the case but also no federal cause of action on the stated facts." *Williamson,* 645 F.2d at 416.

Although *Williamson* is helpful in arriving at the conclusion that whether or not one is an "employer" is an element of an ADEA claim, we are not sure our discussion can end here. As stated earlier, the significance in determining whether being an "employer" is an element of an ADEA claim is deciding which standard a judge should apply—Rule 12(b)(1) or Rule 12(b)(6). Under Rule 12(b)(6), a plaintiff is more likely to withstand a motion to dismiss and the case is more likely to be decided on the merits by the fact finder. Thus, the ultimate conclusion reached by our holding that whether or not one is an "employer" is an element of an ADEA claim, is the belief that the jury, rather than the judge, should decide the disputed question. In support of this belief, we draw analogies from Title VII cases and criminal cases within the Eleventh Circuit.[7]

In interpreting ADEA's definition of "employer," Title VII

---

[7]*See also Marine Coatings of Alabama, Inc. v. United States,* 792 F.2d 1565, 1566-67 (11th Cir.1986), *rev'd on other grounds,* 932 F.2d 1370 (11th Cir.1991) (Admiralty case where this Circuit found that the government's jurisdictional attack under the statute was also an attack on the merits.).

cases are helpful. In addition, most of the cases interpreting the definition of "employer" are found in Title VII cases. The only notable difference between the two statutes' definitions of "employer" is the number of "employees" each statute requires. Title VII requires fifteen or more employees, while ADEA requires twenty or more. At a minimum, Title VII cases interpreting the definition of "employer" are helpful. As the First Circuit has stated:

> As the substantive provisions of the ADEA were derived *in haeca verba* from Title VII, (citation omitted), as was the statutory definition of "employer," (which relates to the scope of the law's substantive provisions), we may look to the constructions of the term in the Title VII (and thus the NLRA) context for guidance. (citations omitted).

*Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico,* 929 F.2d 814, 820 n. 15 (1st Cir.1991). Because there is no real difference (other than numerical) between the definitions in the two statutes, we turn to Title VII cases for guidance.

In *Virgo v. Riviera Beach Associates, Ltd,* 30 F.3d 1350 (11th Cir.1994), plaintiff filed suit against several defendants alleging sexual harassment in violation of Title VII and several pendent state law claims. At the time the alleged harassment took place, Title VII did not permit trials by jury.[8] Accordingly, the judge acted as the fact finder and found that one of the defendants was subject to Title VII liability, despite its contention it did not jointly employ fifteen or more employees with another defendant.

---

[8]The Civil Rights Act of 1991, which became effective November 21, 1991, liberalized Title VII by creating a right to trial by jury. *Goodgame v. American Cast Iron Pipe Co.,* 75 F.3d 1516, 1518 (11th Cir.), *reh'g denied and reh'g en banc denied,* 86 F.3d 1172 (1996).

The Eleventh Circuit agreed with the district court's findings of fact and affirmed.

A similar issue has arisen in criminal cases in which this Court has held that where the jurisdictional element is a material element of the crime, the jurisdictional issue should be decided by the jury and not the judge. *United States v. Medina,* 90 F.3d 459, 463-64 (11th Cir.1996); *United States v. Ayarza-Garcia,* 819 F.2d 1043, 1048 (11th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987). For example in *Medina,* defendants allege the district court erred by deciding as a matter of law that its vessel was subject to the jurisdiction of the United States. On appeal, defendants argued that jurisdiction under 46 U.S.C. § 1903(a) was also an element of the offense and should be decided by a jury. The Eleventh Circuit agreed and vacated the district court's order. The Court held that where the jurisdictional requirement is also a substantive element of the crime, the jurisdictional issue should be determined at trial by the fact finder. *Medina,* 90 F.3d at 463-64.

We believe these cases are persuasive in holding that the question of whether or not a defendant is an "employer" is a substantive element of an ADEA claim and intertwined with the question of jurisdiction. That being the case, the resolution of the question must be made by the fact finder deciding the merits of the claim.

Finally, the most convincing argument that the question of "employer" status is an element of an ADEA claim is the factual situation of the instant case, where both the "employer" and

"employee" issues are synonymous. In order to determine whether Copenhaver/Bell is an "employer," pursuant to ADEA, the Magistrate Judge also indirectly decided that Garcia was not an "employee" but an independent contractor. When the Magistrate Judge ruled the other subcontracted emergency physicians were independent contractors and Copenhaver/Bell therefore did not employ "twenty or more employees," the Magistrate Judge also implicitly found that Garcia was not an "employee," but an independent contractor.[9] Should we determine that being an "employee" in this case is an element of an ADEA claim, the Magistrate Judge would seem to be precluded from resolving questions of fact on the "employer" issue.

Stated differently, if the Magistrate Judge were precluded from conducting an evidentiary hearing to determine that Garcia is an "employee," then it would seem that the Magistrate Judge also would be equally precluded from concluding that Copenhaver/Bell is an "employer." To allow the Magistrate Judge to decide the

---

[9]Given the particular facts in this case, the "employer" and "employee" issues are intertwined. This is so, because ADEA's definitions of "employer" and "employee" overlap. ADEA's definition of "employer" contains the following provision "twenty or more employees." (emphasis added). Thus, in some instances, in order to determine whether an "employer" employs "twenty or more employees," one must look at ADEA's definition of "employee." Conversely, the issues will not be intertwined in a case where it is undisputed that defendant-employer employs "twenty or more employees," thus satisfying the jurisdictional "employer" requirement under ADEA.

For instance, in a case where there is a dispute as to whether a certain individual plaintiff, hired by the defendant-employer is an "employee" rather than an independent contractor and thus able to assert a claim under ADEA, but no dispute as to the status of the defendant-employer, the issues will not be intertwined. *See Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1495 n. 13 (11th Cir.1993) ("The ADEA does not provide relief for discrimination against an independent contractor.").

"employer" issue, is to allow the judge (and not the jury) to also indirectly decide the "employee" issue. Of course, this argument is only applicable if we determine that "employee" is an element of an ADEA claim.

*B. "Employee"*

We begin by noting that other circuits cases have found that whether a plaintiff is an "employee" is both jurisdictional and an element of a claim. The Tenth Circuit has found that whether a plaintiff qualifies as an "employee" under ADEA is both a jurisdictional question and an element of the claim. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987) ("We find that the determination of whether [plaintiff] qualifies as an employee under the federal discrimination statutes is both a jurisdictional question and an aspect of the substantive claim in her discrimination action.").

Once again, Title VII cases are helpful in making the determination of whether an "employee" is an element of a cause of action. Both Title VII and ADEA's definitions of "employee" are virtually identical. In a Title VII case, the Fifth Circuit found that the determination of "employee" status was intertwined with the merits of the Title VII claim. *Clark v. Tarrant County, Texas,* 798 F.2d 736, 742 (5th Cir.), *reh'g denied,* 802 F.2d 455 (1986).

In *Clark,* plaintiffs, female probation officers, sued the county and the probation department alleging sex discrimination in pay and promotion. The probation department moved to dismiss for lack of subject matter jurisdiction, claiming plaintiffs were

personal staff of county officials and thus lacked standing.[10] The district court agreed and dismissed the case for lack of subject matter jurisdiction. The Fifth Circuit reversed the dismissal. The Court of Appeals found that the application of the personal staff exemption and the question of employee status provided the basis for both jurisdiction and a cause of action under Title VII and thus must be resolved by the fact finder for the merits disposition.

In a case somewhat similar to *Clark,* the Eleventh Circuit found that an assistant state attorney position was not an "employee" covered by ADEA and dismissed the case. *E.E.O.C. v. Reno,* 758 F.2d 581 (11th Cir.1985). In *Reno,* plaintiff filed suit against defendant Janet Reno, the then state attorney for Dade County, alleging age discrimination under ADEA when Reno refused to hire him. Defendant, relying on Florida state statutes, moved to dismiss the complaint arguing plaintiff was exempted from the Act's coverage by virtue of the personal staff exemption provided in ADEA's definition of "employee." The district court dismissed the case, concluding "that defendant Reno does not employ any "employees' within the meaning of the Act, and that therefore the court lacked jurisdiction to hear the case." *Id.* at 583. The Eleventh Circuit affirmed the district court's dismissal of the case.

The basis of the district court's dismissal was a motion to

---

[10]Title VII's definition of "employee" does not include individuals who are the personal staff of a person elected to public office. *See* 42 U.S.C. § 2000e(f). ADEA contains the same exemption. 29 U.S.C. § 630(f).

dismiss.  *Id.* at 583 n. 6.  More specifically, in the language cited from the district court's order, it appears the dismissal was based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  This 12(b)(1) dismissal is a "facial" dismissal.  That is, the district judge did not resolve questions of fact, but ruled as a matter of law, that plaintiff was not an "employee" covered by ADEA.

## V. ANALYSIS

Having determined that the motion to dismiss for lack of subject matter jurisdiction involved a "factual" attack and the determination of whether Copenhaver/Bell is an "employer" under ADEA provides the basis for both subject matter jurisdiction and the substantive claim for relief, the summary judgment standard must be applied, unless plaintiff's claim was clearly immaterial or insubstantial.[11]

---

[11]Whether or not a district court will utilize the 12(b)(6) standard or Rule 56 standard will depend on whether the district court considered matters outside the pleadings.  Under 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint.  Once the court considers matters outside the complaint, the 12(b)(6) motion to dismiss converts into a motion for summary judgment.  Fed.R.Civ.P. 12(b)(6).  In this case, the Magistrate Judge considered matters outside the pleadings, converting the motion to dismiss into one for summary judgment.

Additionally, before a district court may convert a motion to dismiss into a motion for summary judgment, it must notify the parties and allow the parties ten days to submit any relevant evidence and arguments in support or opposition to the merits.  *Marine Coatings of Alabama, Inc. v. United States,* 792 F.2d 1565, 1568 (11th Cir.1986), *rev'd on other grounds,* 932 F.2d 1370 (11th Cir.1991).  However, as the panel noted in *Marine Coatings,* this Circuit has recognized an exception to the ten days notice requirement when the "parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice

We do not believe, and Copenhaver/Bell does not contend, that Garcia's claim is clearly immaterial, made solely for the purpose of establishing jurisdiction, nor is it insubstantial or frivolous. Therefore, if genuine issues of material fact exist, the motion to dismiss should have been denied and the question presented to the jury. The Magistrate Judge had decided that genuine issues of material facts did exist when it denied Copenhaver/Bell's motion for summary judgment. Thus, it was improper for the Magistrate Judge to grant the motion to dismiss.

From the record before the Court, it appears there is a genuine issue of fact as to whether Garcia is an independent contractor or an "employee" and conversely then whether Copenhaver/Bell is an "employer." Courts have adopted three tests in distinguishing between an "employee" and an independent contractor: (1) the common-law agency test first set forth in *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) and reaffirmed by the Supreme Court in *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); (2) an economic realities test;[12] and (3) a combination of the agency and economic realities tests ("hybrid test"). *Cobb v. Sun Papers, Inc.,* 673 F.2d 337,

---

had been given...." *Id.* (citing *Property Management & Investments, Inc. v. Lewis,* 752 F.2d 599, 605 (11th Cir.1985)).

In this case, it cannot be seriously contested that despite a lack of notice, the parties did not make all available arguments and submit all the evidence they would have if they had received proper notice.

[12]*See e.g., Dole v. Elliott Travel & Tours Inc.,* 942 F.2d 962, 965 (6th Cir.1991).

340-41 (11th Cir.), *cert. denied,* 459 U.S. 874, 103 S.Ct. 163, 74 L.Ed.2d 135 (1982). This Court, in non-ADEA cases, has relied on both the hybrid and agency tests. *Id.* (Title VII case utilizing hybrid test.); *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488 (11th Cir.1993) (Under ERISA claim, Court utilized common-law agency test.).

In *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488 (11th Cir.1993) this Court found it unnecessary to decide which test to apply to a claim under ADEA, because the Court found the central issue to both the hybrid test and the agency test is the "hiring party's right to control the manner and means by which the work is accomplished." *Daughtrey,* 3 F.3d at 1495-96. Similarly, for purposes of the ADEA case before us, we do not need to decide which test to employ. Under either test, there are disputed facts concerning the amount of control Copenhaver/Bell exerted over Garcia. For example, Garcia testified that the medical directors oversaw the medical care he provided, scheduled his shifts and paid him on an hourly basis. Construing these facts in favor of Garcia, as we must under Rule 56, we cannot rule as a matter of law that Garcia is an independent contractor. Therefore, the proper ruling is to deny Copenhaver/Bell's motion to dismiss for lack of subject matter jurisdiction and allow the jury to decide if Garcia is an "employee" and if Copenhaver/Bell is an "employer."

## VI. CONCLUSION

For the foregoing reasons, we hold on the facts of this case that whether or not the defendant is an "employer" is an element of an ADEA claim. In dismissing for lack of jurisdiction, the

Magistrate Judge incorrectly resolved questions of fact in a 12(b)(1) motion. The proper procedure would have been to utilize the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment. Applying the summary judgment standard to the case before us, we REVERSE the Magistrate Judge's order dismissing Garcia's complaint for lack of subject matter jurisdiction and REMAND the case for a jury trial.