**Orkun BAYDAR, Plaintiff,**

v.

**RENAISSANCE CRUISES,
INC., Defendant.**

**No. 96–6893–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 8, 1999.

Charles R. Lipcon, Sharon L. Wolfe, Cooper & Wolfe, P.A., Miami, FL, for Plaintiff.

Robert Craven, McIntosh, Sawran & Raven, P.A., Ft. Lauderdale, FL, for Defendant.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Renewed Motion to Dismiss (DE # 32, filed September 3, 1997). Response and Reply have been filed.

■ Defendant moves to dismiss Plaintiff's Complaint on the grounds that, *inter alia*, this Court lacks subject matter jurisdiction over Plaintiff's claim. The Court interprets this as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Attacks on subject matter jurisdiction are either "facial" or "factual" attacks.[1] Facial attacks focus on whether the complaint itself states a sufficient allegation of subject matter jurisdiction, whereas factual attacks challenge the existence of subject matter in fact.[2] The present Renewed Motion to Dismiss is a factual attack. When a party undertakes a factual motion to dismiss for lack of subject matter jurisdiction, the court may consider matters outside the pleadings, including testimony and affidavits.[3] Unlike the situation involving a motion to dismiss for failure to state a claim under Rule 12(b)(6),

> the trial court is free [with a Rule 12(b)(1) motion to dismiss] to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.[4]

In short, the burden is on the party asserting jurisdiction, in this case Plaintiff, to show that the court does in fact have jurisdiction.[5]

Defendant originally filed a Motion to Dismiss on September 25, 1996 on the grounds that, *inter alia*, this Court does not have subject matter jurisdiction over this action. The Court entered an Order on December 19, 1996 directing the parties to conduct jurisdictional discovery so that the Court could more fully consider the Motion to Dismiss. Defendant's Renewed Motion to Dismiss was filed at the close of that discovery. Pursuant to that discovery, the parties also filed affidavits and other evidentiary material. The Court now considers the Renewed Motion with the benefit of such filings.

■ Plaintiff, a seaman aboard one of Defendant's cruise ships, brings suit against Defendant under the Jones Act, 46 U.S.C.App. § 688, for recovery of wages allegedly lost through Plaintiff's employment-related injuries. Under the Supreme Court's decisions in *Lauritzen v. Larsen*[6] there are seven relevant factors in determining whether a federal court can exercise jurisdiction

---

1. *See Garcia v. Copenhaver, Bell & Assoc., P.A.*, 104 F.3d 1256, 1260 (11th Cir.1997) (citation omitted).

2. *See id.* at 1260–61 (citations omitted).

3. *Id.* at 1261 (citation omitted).

4. *Id.* at 1261 (citation omitted).

5. *Slugocki v. United States*, 988 F.Supp. 1443, 1446 (S.D.Fla.1997) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)).

6. 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953).

over a Jones Act claim. These factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of a foreign forum; and (7) the law of the forum.[7] In *Hellenic Lines Ltd. v. Rhoditis*,[8] the Supreme Court added what the Eleventh Circuit has interpreted in *Szumlicz v. Norwegian America Line, Inc.*[9] as an eighth factor, "the 'substantial use of a United States base of operations for the shipping and revenues of the vessel and its owner, together with the other United States contacts.' " [10]

■ Plaintiff, in his Response, relies heavily on the Eleventh Circuit's application of *Rhoditis* in *Szumlicz* for the proposition that the employer's base of operations is the dispositive factor. However, the more recent Eleventh Circuit opinion in *Sigalas v. Lido Maritime, Inc.*[11] reemphasized the overarching rule from *Lauritzen* and *Rhoditis* that no one factor is most important as a general matter; every analysis is case-specific.[12] The test is not mechanical.[13] Depending on the facts, a court may give greater consideration to a factor such as the flag, or as in *Rhoditis*, the substantiality of an owner's contacts with the United States.[14] Therefore, the mere existence of a United States base of operations does not, without more, create federal jurisdiction in this action.

In the cases cited by Plaintiff in his Response where the courts found that there was federal jurisdiction, the existence of a United States base of operations was accompanied by additional United States contacts.[15] In *Szumlicz*, not only was there a U.S. base of operations, but the injury also occurred in the United States, and the vessel at issue and other vessels owned by the defendant regularly called on U.S. ports.[16] Likewise, in *Fisher v. Agios Nicolaos V*,[17] the vessel was in Texas to pick up a shipment of grain, and the plaintiff had flown to Texas to work on the vessel.[18] Even in *Rhoditis*, the plaintiff suffered his injuries in New Orleans, the defendant corporation was owned by a U.S. domiciliary, and the vessel's regular route was between the U.S. and the Far East.[19]

■ From the evidence presented in the present action, the Court finds that there are no contacts between Defendant and the United States, other than the fact that Defendant's office is located in Fort Lauderdale and that its officers live in Florida. The Plaintiff is a Turkish national who resides in the United Kingdom. He was a seaman aboard the M/V Regina Renaissance, a Liberian-flagged vessel, whose operational range was South America. Neither the Renaissance, nor other vessels chartered by Defendant, called at U.S. ports. Plaintiff's injury was sustained while the vessel was in Buenos Aires, Argentina. Plaintiff's contract, while executed aboard the vessel, was drafted in the United Kingdom. Employees, including Plaintiff, were subject to a Collective Bargaining Agreement that required arbitration in Rome, Italy. The owner of the vessel is an Italian corporation whose offices are in Genoa, Italy. Defendant is incorporated under the laws of Antigua. In sum, the Court finds that after nearly a year of discovery

---

7. *See id.*

8. 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).

9. 698 F.2d 1192 (11th Cir.1983).

10. *Id.* at 1196 (citing *Fisher v. Agios Nicolaos V,* 628 F.2d 308, 317 (5th Cir.1980)).

11. 776 F.2d 1512 (11th Cir.1985).

12. *Id.* at 1517–18.

13. *Rhoditis,* 398 U.S. at 308, 90 S.Ct. 1731.

14. *Sigalas,* 776 F.2d at 1518.

15. *See Szumlicz,* 698 F.2d at 1196 (" 'the substantial use of a United States base of operations for the shipping and revenues of the vessel and its owner, *together with the other United States contacts* ' " (citing *Fisher v. Agios Nicolaos V,* 628 F.2d 308, 317 (5th Cir.1980)) (emphasis added)).

16. *See id.*

17. 628 F.2d 308 (5th Cir.1980).

18. *See id.*

19. *See Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252.

directed specifically at the jurisdictional issue, Plaintiff has not produced any evidence to show that the contacts between Defendant and the United States were substantial enough to create federal jurisdiction over this action.[20]

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Renewed Motion to Dismiss (DE # 32, filed September 3, 1997) be, and the same is hereby, GRANTED. This action is DISMISSED for lack of subject matter jurisdiction.

This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.

---

**20.** The Court notes that Plaintiff has filed what appear to be state court orders from a pending action in state court involving the same parties as the present action. *See* docket entries 53 and 54. These orders deny a motion to dismiss filed by Defendant Renaissance Cruises, Inc. in the state court action. Plaintiff appears to have filed these in the assumption that they have some preclusive effect on the Renewed Motion to Dismiss presently before this Court. However, Plaintiff makes no legal argument, nor does he discuss the basis for any recognition of those state court orders by this Court. Further, the state court orders are on their face bereft of any legal or factual analysis from which this Court might draw any intelligible inferences. Therefore, this Court does not consider the effect that such orders have on this action.