BARKETT, Circuit Judge,
dissenting:
I agree that pure questions of law relating to subject matter jurisdiction are decided by the judge. However, when the existence of subject matter jurisdiction turns on the resolution of disputed facts, depending on the substance of the dispute, it may be the province of the jury to decide the question. If the disputed facts bear no relation to the elements of the cause of action, the judge is the fact finder. If, on the other hand, the disputed facts relating to jurisdiction are intertwined with the facts relating to the elements of the cause of action, the disputed questions of fact are for the jury to decide.
In this case we must decide if the disputed facts regarding whether the defendant is an “employer” for purposes of Title VII liability involve only subject matter jurisdiction or rather involve “a substantive element of [a Title VII] claim[,] intertwined with the question of [subject matter] jurisdiction,” thus becoming a matter for the jury. Garcia v. Copenhaver, 104 F.3d 1256, 1264 (11th Cir.1997). In Garcia> this circuit addressed this very same question in the context of the ADEA and concluded that the disputed issue represented an “attack on jurisdiction [which] also implicates the merits of plaintiffs cause of action” and thus was a question for the jury. Id. at 1261. I believe Garcia’s reasoning applies to this case. Therefore, I would reverse the district court’s dismissal and remand to allow a jury to decide Scarfo’s claim on the merits.
To support its position, the majority quotes from Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990), suggesting that Lawrence holds that, where a party mounts a factual challenge to subject matter jurisdiction, “ ‘the trial court is free to weigh the evidenced ... [and] evaluate] for itself the merits of jurisdictional claims.’ ” Id. (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981)). This statement, however, comprises only part of the holding in Lawrence. The court goes on to state clearly that when a defendant’s factual attack on subject matter jurisdiction “ ‘also implicates an element of the cause of actionf, t]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiffs case [by applying the Rule 12(b)(6) or Rule 56 summary *963 judgment standard to the facts alleged] ...,’” id. (quoting Williamson, 645 F.2d at 415) — 'that is, to take the facts alleged in the light most favorable to the non-moving party, and, if there are disputed material facts, to send the case to the jury for decision.
The key inquiry here, therefore, is whether Ginsberg’s challenge to the court’s jurisdiction on the ground that he does not meet the statutory definition of an employer under Title VII also implicates an element of Scarfo’s cause of action.[1] The majority, implicitly recognizing that this is so, asserts without explanation that “the appellees’ status as ‘employers’ in this case does not implicate an element of the Title VII cause of action.” Scarfo v. Ginsberg, at 961. Garcia, however, holds the exact opposite.
The majority attempts to distinguish Garcia from the case at hand by suggesting that, under the facts of Garcia, the question of whether Copenhaver was an “employer” for Title VII purposes was “intertwined” with the question of whether Garcia was an “employee.” In Garcia, however, we held that where a defendant challenges the court’s subject matter jurisdiction by arguing that he is not a statutory employer, factual questions must be resolved by the jury, not the court. This holding is squarely applicable here. The fact that in Garcia, the question of the plaintiffs “employee” status was also “intertwined” with that of the defendant’s “employer” status was wholly irrelevant to the holding in that case and is irrelevant to the distinct inquiry we face here, which is whether Ginsberg’s challenge to the court’s jurisdiction is itself “intertwined,” not with an additional factual question, but with an element of the cause of action. And as the Garcia analysis makes clear, both the defendant’s employer status and the plaintiffs employee status for purposes of Title VII are substantive elements of the plaintiffs cause of action “intertwined” with the question of jurisdiction.
In Garcia, an emergency room doctor contracted with Copenhaver/Bell to work in one of its client hospitals. Garcia, 104 F.3d at 1258. When Garcia sued under the ADEA, the Magistrate precluded a jury determination by dismissing the case for lack of subject matter jurisdiction. Based on its finding that many of the physicians under contract with Copenhaver were independent contractors, the Magistrate concluded that Copenhaver employed fewer than 20 employees and was therefore not an “employer” within the meaning of the ADEA. See id. at 1260.[2]
This is precisely what the district court did here. Unlike the majority, however, this court in Garcia reversed the dismissal, holding that the Magistrate erred in not sending the case to the jury. The Garcia court characterized the case as involving a “factual” attack on subject matter jurisdiction, under which “a court’s power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of [the] plaintiffs cause of action.” Id. at *964 1261 (emphasis added).[3] To make this determination, the court examined both whether Copenhaver was an “employer” and Garcia an “employee” for purposes of the ADEA. Treating each question separately, the court concluded that each question “[was] a substantive element of an ADEA claim and intertwined with the question of jurisdiction.” Id. at 1264. It reached this conclusion on the basis that “[t]he question of jurisdiction and the merits of an action will be considered intertwined where ... ‘a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs substantive claim for relief.’ ” Id. at 1262 (quoting Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 139—40 (9th Cir.1983)).
Looking to see if the statute provided the basis for both the jurisdiction and the substantive claim, the Garcia court noted that “a plaintiff can only recover if he is able to prove an ‘employer’ discriminated against him/her on the basis of age.” [4] Id. But “in order to determine if a defendant qualifies as an ‘employer’ and, consequently, whether ADEA will even apply,” the court found it necessary to “turn to the ADEA’s definition section,” id. at 1263, which defines an “employer” for purposes of the statute.[5] Because “the section of ADEA that provides the substantive relief, § 623, is intertwined and dependent on the section of ADEA that defines the scope of the act, § 630,”[6] the court concluded that Copenhaver’s jurisdictional challenge implicated the merits of Garcia’s claim. In other words, because the language of the ADEA provided “the basis for both the subject matter jurisdiction ... and the ... substantive claim for relief,” id. at 1262, the court found the elements of the claim intertwined with the jurisdictional question.
The court’s rationale was based on the fact that a defendant who challenges his or her own status as an employer under the statute is in effect denying that the plaintiff has a claim for statutory relief. Such a challenge goes to one of the elements of the plaintiffs claim, and is thus qualitatively different than other types of jurisdictional challenges which go only to the power of the court to hear the claim at all. See Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir.1981) (“[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action.”). Although, in the ordinary case, courts are free to resolve jurisdictional challenges to ADEA claims without the participation of the jury, the same cannot be said of challenges that also go to the merits of the claim. See Garcia, 104 F.3d at 1261. Because the court in Garcia found that “whether or not one is an ‘employer’ is an element of an ADEA claim,” it concluded that “the jury, rather than the judge, should decide the disputed question.” Id. *965 at 1263.[7]
As in Garcia, defendant Ginsberg challenged the jurisdiction of the court on the grounds that he did not employ the requisite number of employees to meet the statutory definition of an “employer” under Title VII. As in Garcia, Scarfo can only recover if she is able to prove an “employer” discriminated against her with respect to the terms of her employment. And as in Garcia, in order to determine if the defendant qualifies as an employer and consequently whether Title VII will even apply, we must also look to Title VII’s definitional section, in this case 42 U.S.C. § 2000e, which defines “employer” for purposes of the statute.[8] Because the language of Title VII thus provides “the basis for both the subject matter jurisdiction ... and the ... substantive claim for relief,” Garcia, 104 F.3d at 1262, the elements of the claim are intertwined with the jurisdictional question.[9]
Our cases hold that if the attack implicates an element of the cause of action, courts are “ ‘to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiffs case.’ ” Id. (quoting Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir.1981)). In such a case, a district court is to evaluate a defendant’s assertion of lack of subject matter jurisdiction as a Rule 12(b)(6) motion or a motion for summary judgment,[10] and send the case to the jury if there are disputed issues of material fact.[11] In this case, although the district court said it was applying the Rule 56 summary judgment standard, it instead weighed the evidence as a fact-finder. But if evidence is to be weighed when the factual issues implicate both the elements of the cause of action and the court’s jurisdiction, this must be done by the jury. Summary judgment thus would have been appropriate only if there were no disputed issues of material fact — and, as the record in this case clearly demonstrates, this was not the case here. The district court therefore erred in dismissing the case based on its own evaluation of the evidence, and should have sent the case to the jury for decision. For the foregoing reasons, I dissent from the majority opinion and would reverse the district court’s dismissal of the case on jurisdictional grounds and remand for a trial on the merits of Scarfo’s Title VII claim.

. The majority’s reliance on Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350 (11th Cir.1994), is thus to no avail. Virgo may stand for the proposition that the question whether a defendant is an "employer” for Title VII purposes is a jurisdictional issue, but it does not foreclose the possibility that this inquiry also implicates an element of a plaintiff’s cause of action under Title VII. In fact, as Garcia suggests, Virgo’s emphasis on the factual nature of the question of a defendant’s "employer” status, combined with the fact that, when Virgo was decided, "Title VII did not permit trials by jury,” Garcia, 104 F.3d at 1264, actually supports a conclusion contrary to the majority’s bald assertion that "[wjhether the appellees constitute an ‘employer’ within the definition of Title VII is a threshold jurisdictional issue.” Scarfo v. Ginsberg, at 961 (citing Virgo, 30 F.3d at 1359).

. See also 29 U.S.C. § 630(b) (defining an "employer” for purposes of the ADEA as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year”).

. Cf. Garcia, 104 F.3d at 1261 (explaining that "facial attacks,” in contrast to "factual attacks,” " 'required the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' ”) (quoting Lawrence, 919 F.2d at 1529).

. Specifically, the court found that, under § 623(a)(1) of the ADEA, "a plaintiff must prove: 1) an employer, 2) failed or refused to hire or to discharge, 3) any individual, 4) with respect to his compensation, terms, conditions, or privileges of employment, 5) because of such individual's age.” Id. at 1262-63.

. See 29 U.S.C. § 630(b) (defining "employer” in part as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ...”).

. Garcia, 104 F.3d at 1263 ("An analysis of the two sections is circular as the two sections are dependent on one another. For a plaintiff to recover under the act, plaintiff must prove as part of his claim that an 'employer' discriminated against him/her. To prove that a defendant is an 'employer,' a plaintiff must satisfy the definition of 'employer' set forth in § 630(b).”).

. For this reason, it held that the court should have evaluated the defendant’s challenge to the court’s jurisdiction under the standard of Rule 12(b)(6) or Rule 56.

. See 42 U.S.C. § 2000e(b) (defining "employer” as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... ”).

. The court in Garcia itself noted the identity between the structure of the two statutes, and for this reason drew on the more extensive Title VII cases "for guidance.” Garcia, 104 F.3d at 1264 (" 'As the substantive provisions of the ADEA were derived in haeca verba from Title VII, as was the statutory definition of "employer,” (which relates to the scope of the law's substantive portions), we may look to the constructions of the term in the Title VII ... context for guidance.’ ”) (quoting Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico, 929 F.2d 814, 820 n. 15 (1st Cir.1991)).

. Only if the attack does not implicate the merits of the case may the trial court treat the issue as a 12(b)(1) motion to dismiss and " 'weigh the evidence and satisfy itself as to the existence of its power to hear the case:' ” Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990)).

. Under this standard, the court takes the facts alleged by the plaintiff as true, and must deny the motion if it finds a genuine issue of material fact. See Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir.1999). On this standard, "[t]he mere existence of a scintilla of evidence in support of the plaintiff’s position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.” Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.1999) (internal quotation marks omitted).