[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13929

Non-Argument Calendar

————————————————

SHANNON DAWN PERCHES,

Plaintiff-Appellant,

*versus*

SHERIDAN CONSTRUCTION COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cv-00508-CAR

————————————————

Before Lagoa, Tjoflat, and Wilson, Circuit Judges.

PER CURIAM:

Shannon Perches, proceeding pro se, appeals the District Court's dismissal of her claims under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA). After careful review, we affirm.

## I.

Perches was a window restorer hired by Sheridan Construction Company to restore windows on a church. She was later fired. In her amended complaint, Perches alleged that Sheridan discriminated against her based on age, sex, and disability, and retaliated against her for engaging in protected activity. The District Court dismissed the ADA claims for failure to exhaust administrative remedies and dismissed the ADEA claims on the ground that Perches failed to plausibly allege she was an "employee" under the statute.

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021) (citation omitted).

## II.

Although we construe pro se pleadings liberally, "we cannot act as de facto counsel or rewrite an otherwise deficient pleading

to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). A party abandons a claim when she does not "plainly and prominently" raise it. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014). When a party makes "only passing references" to a claim or raises it "in a perfunctory manner without supporting arguments and authority," that is insufficient. *Id.* And we will not consider an issue raised for the first time in a reply brief. *Id.* at 683; *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

Here, Perches abandons any challenge to the dismissal of her ADA claims by failing to adequately brief the issue. Her opening brief does not clearly present any argument concerning the ADA, the exhaustion requirement, or any disability-based theory. Instead, she makes only passing references to arguments raised below. That is not enough to preserve a claim on appeal. *Sapuppo*, 739 F.3d at 681.

## III.

To state a claim under the ADEA, a plaintiff must plausibly allege that she was an employee. The statute does not extend its protections to independent contractors. *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1495 n.13 (11th Cir. 1993). Courts apply a multifactor analysis—drawn from common-law agency principles and economic realities—to determine whether a plaintiff qualifies as an employee. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 (11th Cir. 1997).

Perches has not plausibly alleged that she was an employee under any of these frameworks. Rather, the record reflects that she was not retained by Sheridan as an employee. Perches submitted a quote for the project, hired and paid her own assistants, set her own schedule, used her own tools and methods, and received a lump-sum payment. These are all hallmarks of independent contractor status. *See Nationwide Mut. Ins. v. Darden*, 503 U.S. 318, 323–24, 112 S. Ct. 1344, 1348 (1992).

While Perches alleges that a Sheridan supervisor criticized her work and ended her involvement in the project, occasional oversight and the imposition of deadlines do not establish the level of control required to show employee status. *See id.* On this record, Sheridan has not alleged facts sufficient to suggest that she was anything but an independent contractor.

### IV.

For these reasons, we affirm the District Court's judgment.

**AFFIRMED.**[1]

---

[1] Perches's motion for oral argument is denied as moot.