**PUBLISH**

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/14/99
THOMAS K. KAHN
CLERK

No. 97-5244

D.C. Docket No. 93-6918-CV-WDF

ELAINE A. SCARFO,

Plaintiff-Appellant,
Cross-Appellee,

versus

VICTOR GINSBERG, DBG 94, INC.,
et al., Florida Corporations,

Defendants-Appellees,
Cross-Appellants.

---

Appeals from the United States District Court
for the Southern District of Florida

---

**(May 14, 1999)**

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

HATCHETT, Chief Judge:

Elaine Scarfo appeals the district court's grant of summary judgment to the appellees on her claims of sexual harassment and employee discrimination in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq (1997). Scarfo contends that the district court erred in concluding that it lacked subject matter jurisdiction over her Title VII claims. We affirm.

## I. FACTS

Victor Ginsberg owned or partially owned the corporate appellees DBG 94, Inc.; DBG 95, Inc.; DBG 96, Inc.; and a number of corporations not named in this lawsuit, including Dr. Build, Inc. (Dr. Build); Dreamline Cabinet Systems, Inc. (Dreamline) and Galaxy Frame, Inc (Galaxy Frame). None of these corporations employed 15 or more employees for at least 20 weeks in 1992. Scarfo was a secretary and receptionist for DBG 95, Dr. Build and Dream Line. She alleged that throughout her employment, Ginsberg subjected her to unwelcome sexually offensive conduct.

According to Scarfo, two or more of the above corporations combined constituted her employer for Title VII purposes. Moreover, Scarfo contends that Ginsberg and various part-time personnel were employees pursuant to Title VII jurisdiction. 42 U.S.C. § 2000e(b).

## II. PROCEDURAL HISTORY

On October 26, 1993, Scarfo filed a complaint against Ginsberg, DBG 94, Inc.; DBG 95, Inc.; and DBG 96, Inc., (the appellees) alleging that Ginsberg: (1) discriminated against her in her employment on the basis of her sex; (2) subjected her to sexual harassment and created a hostile work environment; and (3) discharged her in retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. Scarfo also brought Florida state law claims for battery, intentional infliction of emotional distress and invasion of privacy.

2

On January 23, 1995, the appellees moved for summary judgment, contending that the district court lacked subject matter jurisdiction over Scarfo's Title VII claims. Scarfo opposed the appellees' motions, arguing that sufficient evidence existed in the record to create an issue of material fact as to whether Ginsberg had employed 15 or more employees for 20 weeks during 1992, the relevant year.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year, and any agent of such a person." 42 U.S.C. § 2003(b) (1998).

Scarfo argues that Ginsberg owned and operated a number of corporations that the court should group together as a single employer, or if viewed separately, as her joint employer, for Title VII purposes. Scarfo also argues that the "employer" for determining Title VII jurisdiction in this case consists of the combination of the appellees DBG 94, Inc.; DBG 95, Inc.; DBG 96, Inc.; and related corporations, Dr. Build; Dreamline and Galaxy Frame.

A magistrate judge issued a report recommending the denial of the appellees' summary judgment motions, finding that genuine issues of material fact existed regarding subject matter jurisdiction. The district court issued an order adopting the magistrate judge's report and recommendation and set the case for trial.

On February 2, 1996, the appellees filed a motion to continue the trial on the ground that the determination of whether they were employers under Title VII was a subject matter jurisdiction issue that a court should decide rather than a jury. At the pretrial conference, the district court granted the appellees' motion, referred the matter to the magistrate judge, and

directed the magistrate judge to hold an evidentiary hearing and to file a report and recommendation on the issue of whether subject matter jurisdiction existed under Title VII.

On December 2, 1996, the magistrate judge issued a report recommending that the district court dismiss the case for lack of subject matter jurisdiction. The magistrate judge based the recommendation on the finding that certain corporations should be joined as a single employer, but that Galaxy Frame should be excluded in the single employer framework because its "business operations were significantly less integrated with the other" companies. Moreover, the magistrate judge determined that Ginsberg was not an employee for purposes of determining the number of employees, finding that Ginsberg's activities were those of an owner rather than an employee. The magistrate judge then recommended that the district court dismiss Scarfo's lawsuit.

After Scarfo filed objections to the magistrate judge's report and recommendation, on June 17, 1997, after the parties had briefed the issue and had oral argument, the district court issued an order of dismissal. In its order of dismissal, the district court stated:

> The Court has reviewed all of the facts the parties presented and applied a Rule 56 summary judgment standard in deciding the two dispositive jurisdictional issues: (1) the defendant owner Victor Ginsberg was not an employee of the defendant corporations. . . . and (2) Galaxy Frame, Inc. a corporation which the plaintiff alleges as related to the named defendant corporations in pleading jurisdiction under Title VII, was not so highly interrelated to the other companies that they could be deemed a "single employer."

The district court also dismissed the state law claims, without prejudice to refiling in state court. Scarfo filed this appeal, and the appellees cross-appealed.

### III. ISSUES

4

The issues we discuss are: (1) whether the district court had subject matter jurisdiction over Scarfo's Title VII claims under the "single employer" doctrine; and (2) whether the district court abused its discretion in dismissing Scarfo's state law claims.

## IV. STANDARD OF REVIEW

We review the district court's findings of jurisdictional facts for clear error. See Eaton v. Dorchester Development, Inc., 692 F.2d 727, 732 (11th Cir. 1982). We review the district court's dismissal of the state claims for abuse of discretion. See L.A. Draper & Son v. Wheelabrator - Frye, Inc., 735 F.2d 414, 420 (11th Cir. 1984).

## V. DISCUSSION

### A. Single Employer

The appellees contend, for the first time on appeal, that the district court lacked authority to consider whether it had subject matter jurisdiction under the "single employer" doctrine because only one of the four corporations that Scarfo argues collectively constitute a "single employer" was named as a defendant. Scarfo contends that the appellees' contention should not be addressed because they have raised this issue for the first time on appeal. Under the law of this circuit, however, parties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation. See Latin American Property & Casualty Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir. 1989). Therefore, we address the jurisdiction issue.

Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

5

Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529. This circuit has explained that in a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence, stating:

> [in a factual attack upon subject matter jurisdiction] the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- it's very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Lawrence, 919 F.2d at 1529 (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).

Scarfo argues that under Garcia v. Copenhaver, the jury, as fact-finder, should have determined the "single employer" issues for Title VII purposes. 104 F.3d 1256 (11th Cir. 1997). Garcia's reasoning, however, is inapposite to this case.

The issue in Garcia was whether the court or the jury should determine if the plaintiff, as well as other persons similarly situated, were "employees" or "independent contractors" under the Age Discrimination in Employment Act (ADEA), and thus comprised the 20 employees required to elevate the defendant to employer status necessary to confer subject matter

6

jurisdiction on the court. The Garcia court, noting "the unusual factual scenario," held that whether the plaintiff was an "employee" was an element of the plaintiff's ADEA claim and, therefore, any issues of material fact were for the jury. Garcia, 104 F.3d at 1267.[1]

In contrast, the appellees' status as "employers" in this case does not implicate an element of the Title VII cause of action. In this case, the appellees contend that they are not a "single employer" within the meaning of Title VII. See 42 U.S.C. § 2000e(b). Whether the appellees constitute an "employer" within the definition of Title VII is a threshold jurisdictional issue. Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994). Unless the appellees constitute an employer "who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," Title VII is inapplicable, and the district court lacks subject matter jurisdiction over Scarfo's claims. See 42 U.S.C. § 2000e(b).[2] Whether the appellees constitute an employer under Title VII does not implicate an element of the cause of action. See Virgo, 30 F.3d at 1359. Rather, whether appellees constitute an employer addresses whether Title VII applies in this case. Thus, appellees' motions to dismiss for lack of subject matter jurisdiction are properly considered under Federal Rule of Civil Procedure 12(b)(1). When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the

---

[1] In Garcia, the "employer" and "employee" issues were intertwined because the ADEA's definitions of "employer" and "employee" overlapped. 104 F.3d at 1265 n.9.

[2] The district court found that DBG 95, Dr. Build and Dreamline Cabinets constituted a single employer in 1992 for Title VII purposes; however it found that Galaxy Frame should not be combined with these three other corporations as Scarfo's employer during that year. The district court determined that the evidence did not establish a high degree of interrelatedness between Galaxy Frame, DBG 95, Dr. Build and Dreamline Cabinets.

7

evidence, provided that the challenge to subject matter jurisdiction does not implicate an element of the cause of action. Fed. R. Civ. P. 12(b)(1) (1998). Because subject matter jurisdiction addresses the power of a court to hear a case, a jury does not resolve factual issues regarding subject matter jurisdiction. Instead, that duty is for the court. This determination is different from the intertwined employer and employee issues Garcia considered. In this case, before a jury could reach the issue of whether 15 or more "employees" worked for the appellees, the district court needed to determine which of the companies it could use for counting purposes. In other words, in Garcia, where the court clearly had jurisdiction if the plaintiff proved "employee" status rather than "independent contractor" status, the issue of whether plaintiff was in fact an "employee" was an element of the cause of action. In this case, whether the corporations constitute an "employer" concerns only jurisdiction. Issues regarding jurisdiction are for the court.

**B. State Law Claims**

Scarfo contends that even if the district court properly dismissed her Title VII claims for lack of subject matter jurisdiction, it had authority to retain jurisdiction over her state law claims. The appellees contend that once the district court dismissed the federal claims, it had no discretion to retain jurisdiction.

Title 28 U.S.C. § 1367(a) provides that, in any action in which the district courts "have original jurisdiction," they may exercise supplemental jurisdiction over state law claims related to the federal claim. The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims. See Musson Theatrical, Inc. v. Federal

8

Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Randolph v. Budget Rent-A-Car, 97 F.3d 319, 329 (9th Cir. 1996); Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 n.11 (1st Cir. 1995); Womble v. Bhangu, 864 F.2d 1212 (5th Cir. 1989) (holding that where the district court determines that the appellee was not an "employer" within the meaning of Title VII and dismisses the Title VII claim for lack of subject matter jurisdiction, the district court must dismiss the state law claims).  Therefore, the district court did not abuse its discretion in dismissing Scarfo's state law claims.

## VI.  CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**

9

BARKETT, Circuit Judge, dissenting:

I agree that pure questions of law relating to subject matter jurisdiction are decided by the judge. However, when the existence of subject matter jurisdiction turns on the resolution of disputed facts, depending on the substance of the dispute, it may be province of the jury to decide the question. If the disputed facts bear no relation to the elements of the cause of action, the judge is the fact finder. If, on the other hand, the disputed facts relating to jurisdiction are intertwined with the facts relating to the elements of the cause of action, the disputed questions of fact are for the jury to decide.

In this case we must decide if the disputed facts regarding whether the defendant is an "employer" for purposes of Title VII liability involve only subject matter jurisdiction or rather involve "a substantive element of [a Title VII] claim[,] intertwined with the question of [subject matter] jurisdiction," thus becoming a matter for the jury. Garcia v. Copenhaver, 104 F.3d 1256, 1264 (11th Cir. 1997). In Garcia, this circuit addressed this very same question in the context of the ADEA and concluded that the disputed issue represented an "attack on jurisdiction [which] also implicates the merits of plaintiff's cause of action" and thus was a question for the jury. Id. at 1261. I believe Garcia's reasoning applies to this case. Therefore, I would reverse the district court's dismissal and remand to allow a jury to decide Scarfo's claim on the merits.

To support its position, the majority quotes from Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990), suggesting that Lawrence holds that, where a party mounts a factual challenge to subject matter jurisdiction, "'the trial court is free to weigh the

10

evidence[,] . . . [and] evaluat[e] for itself the merits of jurisdictional claims.'" Id.

(quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).  This statement,

however, comprises only part of the holding in Lawrence.  The court goes on to state

clearly that when a defendant's factual attack on subject matter jurisdiction "'also

implicates an element of the cause of action[, t]he proper course of action for the district

court . . .  is to find that jurisdiction exists and deal with the objection as a direct attack on

the merits of the plaintiff's case [by applying the Rule 12(b)(6) or Rule 56 summary

judgment standard to the facts alleged]. . .,'" id. (quoting Williamson, 645 F.2d at 415) – that

is, to take the facts alleged in the light most favorable to the non-moving party, and, if

there are disputed material facts, to send the case to the jury for decision.

The key inquiry here, therefore, is whether Ginsberg's challenge to the court's

jurisdiction on the ground that he does not meet the statutory definition of an employer

under Title VII *also* implicates an element of Scarfo's cause of action.[1]   The majority,

implicitly recognizing that this is so, asserts without explanation that "the appellee's

---

[1]The majority's reliance on Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350 (11th Cir. 1994), is thus to no avail.  Virgo may stand for the proposition that the question whether a defendant is an "employer" for Title VII purposes is a jurisdictional issue, but it does not foreclose the possibility that this inquiry also implicates an element of a plaintiff's cause of action under Title VII.  In fact, as Garcia suggests, Virgo's emphasis on the factual nature of the question of a defendant's "employer" status, combined with the fact that, when Virgo was decided, "Title VII did not permit trials by jury," Garcia, 104 F.2d at 1264, actually supports a conclusion contrary to the majority's bald assertion that "[w]hether the appellees constitute an 'employer' within the definition of Title VII is a threshold jurisdictional issue." Scarfo v. Ginsberg, – F.3d at – (citing Virgo, 30 F.3d at 1359).

11

status as 'employers' in this case does not implicate an element of the Title VII cause of action." Scarfo v. Ginsberg, – F.3d –. Garcia, however, holds the exact opposite.

The majority attempts to distinguish Garcia from the case at hand by suggesting that, under the facts of Garcia, the question of whether Copenhaver was an "employer" for Title VII purposes was "intertwined" with the question of whether Garcia was an "employee." In Garcia, however, we held that where a defendant challenges the court's subject matter jurisdiction by arguing that he is not a statutory employer, factual questions must be resolved by the jury, not the court. This holding is squarely applicable here. The fact that in Garcia, the question of the plaintiff's "employee" status was also "intertwined" with that of the defendant's "employer" status was wholly irrelevant to the holding in that case and is irrelevant to the distinct inquiry we face here, which is whether Ginsberg's challenge to the court's jurisdiction is itself "intertwined," not with an additional factual question, but with an element of the cause of action. And as the Garcia analysis makes clear, *both* the defendant's employer status and the plaintiff's employee status for purposes of Title VII are substantive elements of the plaintiff's cause of action "intertwined" with the question of jurisdiction.

In Garcia, an emergency room doctor contracted with Copenhaver/Bell to work in one of its client hospitals. Garcia, 104 F.3d at 1258. When Garcia sued under the ADEA, the Magistrate precluded a jury determination by dismissing the case for lack of subject matter jurisdiction. Based on its finding that many of the physicians under contract with Copenhaver were independent contractors, the Magistrate concluded that Copenhaver

employed fewer than twenty employees and was therefore not an "employer" within the meaning of the ADEA.  See id. at 1260.[2]

This is precisely what the district court did here.  Unlike the majority, however, this court in Garcia *reversed* the dismissal, holding that the Magistrate erred in not sending the case to the jury.  The Garcia court characterized the case as involving a "factual" attack on subject matter jurisdiction, under which "a court's power to make findings of facts and to weigh the evidence *depends on whether the factual attack on jurisdiction also implicates the merits of [the] plaintiff's cause of action.*"  Id. at 1261 (emphasis added).[3]  To make this determination, the court examined both whether Copenhaver was an "employer" and Garcia an "employee" for purposes of the ADEA.  Treating each question separately, the court concluded that *each question* "[was] a substantive element of an ADEA claim and intertwined with the question of jurisdiction."  Id. at 1264.  It reached this conclusion on the basis that "[t]he question of jurisdiction and the merits of an action will be considered intertwined where . . . 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's

---

[2]See also 29 U.S.C. § 630(b) (defining an "employer"for purposes of the ADEA as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

[3]Cf. Garcia, 104 F.3d at 1261 (explaining that "facial attacks," in contrast to "factual attacks," "'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'") (quoting Lawrence, 919 F.2d at 1529).

13

substantive claim for relief.'"  Id. at 1262 (quoting Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 139-40 (9th Cir. 1983)).

Looking to see if the statute provided the basis for both the jurisdiction and the substantive claim, the Garcia court noted that "a plaintiff can only recover if he is able to prove an 'employer' discriminated against him/her on the basis of age."[4]  Id.  But "in order to determine if a defendant qualifies as an 'employer' and, consequently, whether ADEA will even apply," the court found it necessary to "turn to the ADEA's definition section," id. at 1263, which defines an "employer" for purposes of the statute.[5]  Because "the section of ADEA that provides the substantive relief, § 623, is intertwined and dependent on the section of ADEA that defines the scope of the act, § 630,"[6] the court concluded that Copenhaver's jurisdictional challenge implicated the merits of Garcia's claim.  In other words, because the language of the ADEA provided "the basis for both the subject matter jurisdiction . . . and the . . . substantive claim for relief," id. at 1262, the court found the elements of the claim intertwined with the jurisdictional question.

_____

[4]Specifically, the court found that, under § 623(a)(1) of the ADEA, "a plaintiff must prove: 1) an employer, 2) failed or refused to hire or to discharge, 3) any individual, 4) with respect  to his compensation, terms, conditions, or privileges of employment, 5) because of such individual's age."  Id. at 1262-63.

[5]See 29 U.S.C. § 630(b) (defining "employer" in part as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . .").

[6]Garcia, 104 F.3d at 1263 ("An analysis of the two sections is circular as the two sections are dependent on one another.  For a plaintiff to recover under the act, plaintiff must prove as part of his claim that an 'employer' discriminated against him/her.  To prove that a defendant is an 'employer,' a plaintiff must satisfy the definition of 'employer' set forth in § 630(b).").

14

The court's rationale was based on the fact that a defendant who challenges his or her own status as an employer under the statute is in effect denying that the plaintiff has a claim for statutory relief. Such a challenge goes to one of the elements of the plaintiff's claim, and is thus qualitatively different than other types of jurisdictional challenges which go only to the power of the court to hear the claim at all. See Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981) ("[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action."). Although, in the ordinary case, courts are free to resolve jurisdictional challenges to ADEA claims without the participation of the jury, the same cannot be said of challenges that also go to the merits of the claim. See Garcia, 104 F.2d at 1261. Because the court in Garcia found that "whether or not one is an 'employer' is an element of an ADEA claim," it concluded that "the jury, rather than the judge, should decide the disputed question." Id. at 1263.[7]

As in Garcia, defendant Ginsberg challenged the jurisdiction of the court on the grounds that he did not employ the requisite number of employees to meet the statutory definition of an "employer" under Title VII. As in Garcia, Scarfo can only recover if she is able to prove an "employer" discriminated against her with respect to the terms of her employment. And as in Garcia, in order to determine if the defendant qualifies as an employer and consequently whether Title VII will even apply, we must also look to Title

---

[7]For this reason, it held that the court should have evaluated the defendant's challenge to the court's jurisdiction under the standard of Rule 12(b)(6) or Rule 56.

15

VII's definitional section, in this case 42 U.S.C. § 2000e, which defines "employer" for purposes of the statute.[8] Because the language of Title VII thus provides "the basis for both the subject matter jurisdiction . . . and the . . . substantive claim for relief," Garcia, 104 F.3d at 1262, the elements of the claim are intertwined with the jurisdictional question.[9]

Our cases hold that if the attack implicates an element of the cause of action, courts are "'to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" Id. (quoting Williamson v. Tucker, 645 F.2d 404, 415 (former 5th Cir. 1981)). In such a case, a district court is to evaluate a defendant's assertion of lack of subject matter jurisdiction as a Rule 12(b)(6) motion or a motion for summary judgment,[10] and send the case to the jury if there are disputed issues of material

---

[8]See 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .").

[9]The court in Garcia itself noted the identity between the structure of the two statutes, and for this reason drew on the more extensive Title VII cases "for guidance." Garcia, 104 F.3d at 1264 ("'As the substantive provisions of the ADEA were derived *in haeca verba* from Title VII, as was the statutory definition of "employer," (which relates to the scope of the law's substantive portions), we may look to the constructions of the term in the Title VII . . . context for guidance.'" (quoting Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico, 929 F.2d 814, 820 n.15 (1st Cir. 1991)).

[10]Only if the attack does not implicate the merits of the case may the trial court treat the issue as a 12(b)(1) motion to dismiss and "'weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

16

fact.[11]  In this case, although the district court said it was applying the Rule 56 summary judgment standard, it instead weighed the evidence as a fact-finder.  But if evidence is to be weighed when the factual issues implicate both the elements of the cause of action and the court's jurisdiction, this must be done by the jury.  Summary judgment thus would have been appropriate only if there were no disputed issues of material fact – and, as the record in this case clearly demonstrates, this was not the case here.  The district court therefore erred in dismissing the case based on its own evaluation of the evidence, and should have sent the case to the jury for decision.   For the foregoing reasons, I dissent from the majority opinion and would reverse the district court's dismissal of the case on jurisdictional grounds and remand for a trial on the merits of Scarfo's Title VII claim.

---

[11]Under this standard, the court takes the facts alleged by the plaintiff as true, and must deny the motion if it finds a genuine issue of material fact. See Maniccia v. Brown, (11th Cir. 1999).  On this standard, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir. 1999) (internal quotation marks omitted).