Antonio ALINO, Plaintiff,

v.

AEROVIAS DE MEXICO, S.A., DE C.V., a foreign corporation d/b/a Aeromexico, Defendant.

No. 00–2846–CIV.

United States District Court, S.D. Florida.

Nov. 17, 2000.

Peter Capua, for Antonio Alino, Miami, FL, for Plaintiffs.

John Freud, for Aerovias De Mexico, S.A., Miami, FL, John Barr, Co-counsel for Aerovias De Mexico, S.A., Dallas, TX, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

GOLD, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [D.E. 4], filed on August 25, 2000. Plaintiff filed a Response [D.E. 11], and Defendant filed a Reply [D.E. 12].

The Complaint, filed on August 7, 2000, contains two counts: (1) violation of the Air Carrier's Access Act of 1986, 49 U.S.C. § 41705 ("ACAA"); and (2) common law outrageous conduct. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, relief for the protection of civil rights.

Defendant moves to dismiss the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted or, in the alternative, to either dismiss this action for forum non conveniens or transfer this action to the United States District Court for the Southern District of Texas. After careful consideration of the parties' arguments, the applicable law, and the record as a whole, the Court concludes that defendant's motion to dismiss should be granted.

### I. Background

The facts set forth in the Complaint, taken in the light most favorable for the Plaintiff and assumed to be true for purposes of this Order, reveal the following.

Plaintiff Antonio Alino is domiciled in and a resident of Miami–Dade County, Florida. [¶ 4, 5 (all references to "¶ ___" are to the Complaint unless otherwise indicated)]. Defendant Aerovias de Mexico S.A., De C.V. d/b/a Aeromexico (hereinafter referred to as "Aeromexico") is a foreign corporation that engages in substantial business in Miami–Dade County, Florida and that has offices located in Coral Gables, Florida and at the Miami International Airport. [¶ 6, 12].

Alino is a paraplegic confined to a wheelchair. [¶ 11]. On January 4, 2000, Plaintiff, along with his wife and three children, were scheduled to fly on Aeromexico flight 489Y between Mexico City and Cabo San Lucas, as part of the return leg of a round-trip ticket. [¶ 13]. However, on January 1, 2000, Alino suffered a medical complication that required his immediate return to Mexico City. [¶ 14]. Therefore, Alino and his family confirmed reservations with Aeromexico flight 489 returning to Mexico City on January 3, 2000. [¶ 14].

On January 3, 2000, Plaintiff Alino arrived timely at the airport with his family. [¶ 15]. Aeromexico acknowledged their reservation but, upon seeing Alino in a wheelchair, changed the reservation and issued boarding passes "subject to space" only. [¶ 15]. A yellow tag was placed on Alino's wheelchair identifying it as "subject to space" only. [¶ 16].

When Alino explained his medical condition to the Aeromexico personnel, he was assured that he would be boarded. [¶ 17, 18]. Despite Alino and his family's early arrival at the gate, later arriving passengers were boarded ahead of them and they were ultimately denied boarding on flight 489 to Mexico City. [¶ 20].

Plaintiff Alino now seeks compensatory and punitive damages, as well as attorneys' fees, under the Air Carriers Access Act and for common law outrageous conduct.

## II. Standard of Review

As this motion can be resolved under Fed.R.Civ.P. 12(b)(6) without reaching the alternative motions for relief for dismissal under forum non conveniens and transfer under 28 U.S.C. § 1404(a), the Court sets forth the standard of review for a motion to dismiss under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994) (quoting *Hishon v. King & Spalding*, 467

U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences in the light most favorable to the non-moving party. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). A very low sufficiency threshold is necessary for a complaint, or counterclaim, to survive a motion to dismiss. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Moreover, a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *M/V Sea Lion v. Reyes*, 23 F.3d 345, 347 (11th Cir.1994) (citation omitted). However, a plaintiff must do more than merely "label" its claims. *See Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). The basic philosophy of federal pleadings is that a lawsuit should be tried on its merits, not on the pleadings. Dismissal is appropriate only when no construction of the factual allegations of a complaint will support the cause of action. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993) (citation omitted).

## III. Discussion

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted under 49 U.S.C. § 41705 because the ACAA does not apply to acts occurring in an airport facility outside the United States by a foreign air carrier operating a flight traveling entirely within a foreign country. Plaintiff argues in response that the April 5, 2000 amendments

to the ACAA extended the act to discrimination against handicapped travelers by foreign airlines and that the ACAA applies to the allegations of the Complaint.

### 1. Which version of the ACAA to apply

■ Accordingly, as an initial matter, the Court must consider which version of the ACAA applies to this case. As noted by Plaintiff, Congress amended the ACAA on April 5, 2000 with the Wendell H. Ford Aviation Investment and Reform Act for the Twenty–First Century, Pub.L. 106–181, Title VII, § 707(a), Apr. 5, 2000, 114 Stat. 158 (the "Reform Act"). The events in question took place on January 3, 2000, approximately three months prior to the enactment of the Reform Act.

■ Generally there is a traditional presumption against retroactivity, such that when the application of a statute to the conduct at issue would result in a retroactive effect and Congress has not specified the temporal reach of the statute, it is presumed that the statute does not apply to that conduct. *Martin v. Hadix*, 527 U.S. 343, 352, 119 S.Ct. 1998, 2003, 144 L.Ed.2d 347 (1999); *Lindh v. Murphy*, 521 U.S. 320, 325, 117 S.Ct. 2059, 2062, 138 L.Ed.2d 481 (1997). However, in this case, Section 3 of Pub.L. 106–181, set out as a note under 49 U.S.C. § 106, states: "Except as otherwise specifically provided, this Act and the amendments made by this Act shall apply only to fiscal years beginning after September 30, 1999." Therefore, because Congress has specified that the Reform Act amendments applicable to § 41705 took effect 'beginning after September 30, 1999,' the Court finds that it is appropriate to apply the amended act to this case. The case cited by Defendant to support its argument against retroactive application, *Bower v. Federal Express Corp.*, 96 F.3d 200 (6th Cir.1996), does not contradict this result and is distinguishable. In *Bower*, the Circuit Court was analyzing whether to apply a version of the ACAA in place prior to or after amendments issued on July 5, 1994, more than three months before the plaintiff filed his complaint. The *Bower* court did not look at the language of the amendments to see whether Congress had expressly discussed retroactivity, instead basing its decision to apply the newer version of the ACAA on the fact that the alleged practice being challenged was still in effect at the time of the complaint. The facts in this case are plainly distinguishable, and the Court finds the express language of the amendment to provide more reliable guidance in this area.

### 2. Application of the act

After the application of the 2000 amendments, 49 U.S.C. § 41705(a) reads as follows:

> In providing air transportation, an air carrier, including (subject to § 40105(b)) any foreign air carrier, may not discriminate against an otherwise qualified individual on the following grounds:
>
> (1) the individual has a physical or mental impairment that substantially limits one or more major life activities;
>
> (2) the individual has a record of such an impairment;
>
> (3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705(a). For the act to apply to the Defendant, Aeromexico must fall within the definition of "foreign air carrier." The Reform Act amendments do not modify the definition for "foreign air carrier."

49 U.S.C. § 40102 sets forth general definitions to be employed in construing the ACAA. "Foreign air carrier" is defined as a foreign person, not a citizen of the United States, undertaking by any means to provide foreign air transportation. 49 U.S.C. § 40102(a)(21). Foreign air transportation, in turn, is defined as the transportation of passengers by aircraft as a common carrier between a place in the United States and a place outside the United States. 49 U.S.C. § 40102(a)(23). Furthermore, "air transportation" is defined as foreign air transportation, inter-

state air transportation, or the transportation of mail by aircraft. 49 U.S.C. § 40102(a)(5).

Under the specific wording of the ACAA, the act only applies to a foreign air carrier when it is providing air transportation. 49 U.S.C. § 41705(a) ("*In providing air transportation,* an air carrier, ... including any foreign air carrier, may not discriminate ....") (emphasis added). Air transportation includes foreign air transportation, which in turn is defined as transportation between a place in the United States and a place outside the United States. Thus, by the plain and unambiguous terms of the ACAA, the act does not apply to a foreign air carrier operating a foreign domestic flight that does not travel to a place within the United States.

This result, of course, is wholly logical and comports with public policy. Just as the United States would not expect its air carriers to have to comply with Mexican laws and regulations and to be subject to suit in Mexico for any violations of those laws, Mexico should not expect its air carriers to have to comply with American laws and regulations when operating domestic flights wholly within Mexican borders. It is therefore appropriate to dismiss Count I, alleging a violation of the Air Carrier's Access Act of 1986, as amended, 49 U.S.C. § 41705, with prejudice.

### 3. The state law claim

Because the Court has determined that the Plaintiff's federal cause of action must be dismissed, the merits of the state law claim for outrageous conduct need not be reached and the claim shall be dismissed without prejudice. Title 28 U.S.C. § 1367(a) provides that, in any action in which the district courts "have original jurisdiction," they may exercise supplemental jurisdiction over state law claims related to the federal claim. However, once the district court determines that subject matter jurisdiction over the plaintiff's federal claims does not exist, the court must dismiss the plaintiff's state law claims. *See Scarfo v. Ginsberg, DBG 94,* 175 F.3d 957, 962 (11th Cir.1999).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [D.E. 4] is **GRANTED**. Count I is dismissed with prejudice, and Count II is dismissed without prejudice. It is further

**ORDERED AND ADJUDGED** that all pending motions not disposed of by this Order are **DISMISSED AS MOOT** and this case is **CLOSED**.