[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2007
THOMAS K. KAHN
CLERK

------------------------------------

No. 06-12579
Non-Argument Calendar

------------------------------------

D.C. Docket No. 04-00389-CV-4-MMP-AK

R. CASPER ADAMSON,

Plaintiff-Appellant,

versus

JAMES MCDONOUGH,
Secretary, Department of Corrections,
R. E. BARRY,
S. BRUNT,
OLESTER DICKENS,
JACKIE ADAMS,
UNKNOWN MAILROOM OFFICER 2,
UNKNOWN MAILROOM OFFICER 1,

Defendants-Appellees.

--------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
--------------------------------------------

**(December 12, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant R. Casper Adamson, a Florida prisoner proceeding pro se, appeals the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 complaint against the Secretary of the Florida Department of Corrections (the "Secretary"), grievance officers with the Florida Department of Corrections, and prison officials (collectively the "Defendants").[1] Reversible error has been shown; we vacate and remand for further proceedings.

In his complaint, Adamson -- who asserted that he is "a converted Southern Baptist" -- alleged that prison officials refused to mail thirteen letters that he attempted to send to Baptist churches and ministers to request "prayer partners and religious pen pals." He contended that Defendants violated his First Amendment right to freedom of religion and freedom of speech by enforcing a provision of the Florida Administrative Code -- which prohibits the use of "correspondence privileges to solicit or otherwise commercially advertise for money, goods or services" and "includes advertising for pen pals," see Fla. Admin. Code Ann. r. 33-210.101(9) (the "Rule") -- in refusing to mail his letters requesting prayer

---

[1] Although it appears that the Secretary has been served with process in this case, the record does not reveal whether the other Defendants were properly served process.

partners.[2]  In addition, Adamson alleged that the Rule was enacted without statutory authority.

On appeal, Adamson challenges the district court's decision to dismiss his complaint after concluding that the interception of Adamson's outgoing mail pursuant to the Rule was constitutional.  Relying on the Supreme Court's decision in Procunier v. Martinez, 94 S.Ct. 1800, 1811 (1974), the district court first considered whether the Rule furthered an "an important or substantial governmental interest unrelated to the suppression of expression."  After identifying the underlying governmental interest as "security and the prevention of inmate fraud and harassment of the unwitting public that has resulted in money order scams and other criminal activities," the district court explained that the Rule did not restrict Adamson's First Amendment freedoms more than necessary to protect the governmental interest.  The district court therefore concluded that application of the Rule in this case did not violate Adamson's freedom of speech.  The district court also dismissed Adamson's claim that enforcement of the Rule violated his free exercise of religion because Adamson had not shown a

---

[2]Adamson's complaint also alleged that Defendants' refusal to mail his prayer-partner letters infringed on his "right to marry, by preventing him from looking for a girlfriend and fiancée" and that Defendants violated the Constitution in rejecting 50 pen pal addresses that he purchased from "Soulmates." But Adamson does not raise these claims on appeal; they are abandoned. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (explaining that pro se appellant abandons issue not argued in initial brief).

fundamental interest "to be protected or weighed against the security concerns of the prison."

We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). "Under [Fed.R.Civ.P.] 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). A complaint should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation omitted). And "[w]e accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party."[3] Magluta, 375 F.3d at 1273.

Here, the record does not show that -- at the early stage of this litigation before the district court -- the parties offered argument or cited authority on the governmental interest behind the Rule or the security concerns protected by application of the Rule. Indeed the Secretary's motion to dismiss Adamson's

---

[3] In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

4

complaint provides no explanation of the reason for the Rule. But the district court, relying on authorities from jurisdictions other than Florida, dismissed Adamson's complaint after identifying what it perceived to be the governmental interest served by the Rule. Although the district court's ultimate conclusion may prove correct, its analysis -- which proceeded without the benefit of discussion of the Rule's purpose by the parties or authority explaining the Rule in Florida -- appears to be premature in the context of a Rule 12(b)(6) motion. For that reason, we cannot say that Adamson can prove no set of facts in support of his First Amendment claims. See Beck, 144 F.3d at 735. Therefore, we vacate the district court's order dismissing Adamson's complaint and remand for further proceedings.[4]

      VACATED AND REMANDED.

---

[4]We briefly address Adamson's remaining arguments. We are unpersuaded by his assertion that he has stated a claim that the Rule is an invalid exercise of legislative authority. As the district court discussed, the Florida Department of Corrections has statutory authority pursuant to Fl. Stat. § 944.09(1)(g) to adopt rules about "[m]ail to and from the state correctional system." In addition, to the extent that Adamson raises -- for the first time -- arguments about the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq., we do not address these claims. See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) ("[W]e have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotation omitted). And we see no reversible error in the district court's decision to construe Adamson's motion for summary judgment -- which was filed while the district court was considering the Secretary's motion to dismiss Adamson's complaint and to which Adamson attached no affidavits, testimony, or other exhibits -- as a supplemental response by Adamson to the dismissal motion. See Am. Postal Workers Union v. U.S. Postal Serv., 823 F.2d 466, 478 (11th Cir. 1987) (explaining that "Appellee filed no affidavits or testimony in support of its purported summary judgment motion" and that "[m]erely applying the label 'motion for summary judgment' to a pleading does not make it one").