[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12130

Non-Argument Calendar

_____

ARETHA TOWNSEND,

Plaintiff-Appellant,

*versus*

APTAR, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01690-MLB

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Aretha Townsend, proceeding *pro se*, appeals the denial of her motions for recusal of the magistrate judge and the recusal of the district court judge, as well as the grant of the defendant's motion for judgment on the pleadings. After careful review, we affirm.

## I.    Background

On September 16, 2022, Townsend initiated a *pro se* suit against Aptar, Inc.,[1] for age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.[2] Townsend asserted that she was 53 years old, and that

---

[1] The Appellee asserts that its proper name is Maxwell Chase Technologies, LLC d/b/a/ APTAR Atlanta. Because the district court referred to the company as "Aptar," we do so as well.

[2] On September 16, 2022, Townsend submitted an application for leave to proceed *in forma pauperis* along with a copy of her complaint. She also filed a motion for recusal and "a motion for stay, motion for district court to forward complaint to the appellate court, and demand for enforcement of duty" in which she requested that the district court force the Equal Employment Opportunity Commission ("EEOC") to pursue this case on her behalf. Because of a *pro se* filing restriction in place against her that required her to obtain leave of the court before filing any action *pro se*, the district court conducted a frivolity screening, determined that her claims survived an initial frivolity review and could proceed, and denied the motion for recusal and motion for stay/demand for enforcement. To the extent that Townsend argues that the prefiling injunction against her was improper under the All

a temporary staffing agency, Preferred Professional Solutions ("PPS"), placed her in a "temp to hire" production worker role with Aptar on August 19, 2019.  She stated that she and five other workers, age 50 or above, were assigned through temporary staffing agencies to fill the Production Worker role.  Then, on September 9, 2019, Aptar directly hired Ayana Beverly, a 26-year-old, for the same role, and the CEO celebrated the hire at a group-wide meeting.  She asserted that this act "caused much grievance within the workers."

In December 2019, the CEO held another meeting where he informed all workers that they should bring any and all concerns, suggestions, opinions, or questions to his attention.  Thereafter, Townsend "prepared a grievance complaint addressing all concerns."[3]  After receiving the grievance, the CEO requested a meeting with her on December 10, 2019.  According to Townsend, the CEO asked her questions related to her unspecified concerns, but then "would not allow [her] to speak" and told her that "we can hire who we want to hire," and eventually instructed her to leave the building.  She left and went to PPS and requested that PPS do an investigation.  PPS did not do an investigation, but instead sent Townsend a letter that she was no longer on assignment with PPS and her last day was December 11, 2019.

---

Writs Act, that restriction was entered in another case and is not properly before us on appeal.

[3] Townsend did not specify in her complaint what concerns she addressed in the grievance.

Townsend asserted that she filed a charge with the EEOC on May 26, 2020 against Aptar.  The EEOC declined to proceed further with an investigation and issued Townsend a right to sue letter, which she asserted that she received on June 18, 2022.  She then filed the underlying complaint.

Aptar denied liability and asserted various defenses.  Aptar then moved to stay the case and refer the matter to a magistrate judge for mediation.  Townsend failed to respond, and the district court granted the motion.  Mediation, however, proved unsuccessful when Townsend "unexpectedly left [the] courthouse" during the settlement conference.  The stay was then lifted, and Aptar filed a motion for judgment on the pleadings, asserting that Townsend's complaint failed to state a claim upon which relief could be granted for several reasons, including that (1) the action was untimely as it was one day late; (2) Townsend failed to allege sufficient facts to establish that Aptar was her employer, as opposed to PPS; and (3) Townsend failed to allege plausible claims of discrimination and retaliation because she never alleged that she was replaced by a younger employee and she never alleged facts that could establish that her grievance letter was related to an employment practice prohibited by the ADEA.

Townsend filed a response to Aptar's motion, and a motion "for procedural redress [to include] joinder of parties" in which she asked the court to add PPS as a party to the suit.  The magistrate judge struck Townsend's response to the motion for judgment on the pleadings and the motion for joinder.  The magistrate judge

explained that Townsend's response was untimely as it was filed well beyond the applicable 14-day response window. Additionally, the response was "a twenty-two page, single-spaced document that [was] prepared in a small font. . . . [and] includes attachments, making the filing forty-two pages in total" in violation of the court's local formatting rules. Similarly, Townsend's motion for joinder also violated the local formatting rules. Accordingly, the magistrate judge struck the filings and provided Townsend with additional time to re-file these motions in a format that complied with all the local rules.

Instead of refiling those motions, however, Townsend elected to file a motion for recusal of the magistrate judge. She asserted that recusal was necessary because the magistrate judge had violated her right to a "fair and equitable hearing" by: (1) "failure to allow for the (case action) to be prepared as an Article III (action)[] for Enforcement of Duty (EEOC)"; (2) failure to join PPS to the suit; (3) failure to provide Townsend with appointed counsel; (4) failure to allow an "[a]ffidavit witness statement"; (5) "failure to all [*sic*] for fair and equitable 'Settlement Negotiations'";[4] (6) failure to schedule a jury trial as requested; (7) being biased and engaging in "illegal interference with [the] proceedings"; and (8) holding Townsend as a *pro se* party to the standard required of attorneys.

---

[4] Notably, a different magistrate judge presided over the mediation proceedings.

6                    Opinion of the Court                    24-12130

The magistrate judge issued a report and recommendation ("R&R"), addressing both the motion for recusal and Aptar's motion for judgment on the pleadings. With regard to the recusal motion, the magistrate judge concluded that recusal was not warranted under 28 U.S.C. § 455 because Townsend failed to allege personal bias or a significant doubt about the judge's impartiality and instead merely quarreled with judicial rulings, which do not serve as a basis for recusal. Turning to Aptar's motion for judgment on the pleadings, the magistrate judge recommended that the district court grant the motion because (1) Townsend's lawsuit was filed a day late and was therefore untimely;[5] and (2) Townsend failed to allege facts in her complaint that plausibly showed that Aptar was her employer (rather, her allegations when accepted as true showed that she was an employee of the staffing agency and was never hired by Aptar).[6]

---

[5] In concluding that the lawsuit was untimely, the magistrate judge took judicial notice of an e-mail exhibit attached to Aptar's motion for judgment on the pleadings. The e-mail was between Aptar's counsel and the EEOC in which an EEOC representative confirmed that the EEOC released the notice of right to sue on June 17, 2022, on its online portal "per the customary protocols" and that Townsend downloaded the notice that same day (not June 18, 2022, as alleged in the complaint). The magistrate judge took judicial notice of the EEOC's statement. Alternatively, the magistrate judge explained that she could consider the e-mail exchange because it was "an extrinsic document central to the plaintiff's claim whose authenticity [or accuracy] ha[d] not been challenged." Because we resolve this appeal on grounds other than timeliness, we express no opinion on the propriety of these rulings.

[6] For the first time on appeal, Townsend argues that the magistrate judge lacked the authority to issue a report and recommendation because she never

consented to the magistrate judge presiding over her action and she demanded a jury trial. "[W]e review challenges to a magistrate judge's authority even when[, as here,] the [plaintiff did] not object[] in the district court." *United States v. Schultz*, 565 F.3d 1353, 1356 (11th Cir. 2009). However, we review "only for plain error." *Id.* Townsend cannot show any error, much less plain error. The jurisdiction and authority of federal magistrate judges is outlined principally in 28 U.S.C. § 636. The relevant portion of the statute provides that:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings . . . .
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, *of any motion excepted in subparagraph (A)*, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1) (emphasis added). In other words, although a motion for judgment on the pleadings is an excepted motion under subparagraph (A), subparagraph B allows the district court to designate a magistrate judge to consider exempted motions and make a recommendation, which the district court is then free to accept or reject. *Id.* § 636(b)(1)(B). Contrary to Townsend's argument, a district judge's referral of an exempted motion to a magistrate judge under § 636(b)(1) does not require the parties' consent. *Cf.* 28 U.S.C. § 636(c)(1) (requiring the consent of the parties to allow a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and to order the entry of judgment in the case"). Rather, the "nonconsensual referral[] of pretrial but case-dispositive matters under § 636(b)(1)" leaves the district judge "free to do as it sees fit with the magistrate judge's recommendations[.]" *Roell v. Withrow*, 538 U.S. 580, 585 (2003). Accordingly,

Townsend filed objections to the R&R. The district court struck her objections for failure to comply with the same local formatting rules that Townsend had been notified of violating in prior filings. The district court again instructed Townsend on the requirements and gave her an opportunity to refile her objections. Townsend refiled the objections, but again her filing failed to comply with the local rules. The district court struck the objections and again instructed Townsend on what she needed to do to comply with the formatting rules—double space the document, observe applicable page limits, and use one of four fonts of a certain size—and gave her additional time to refile her objections.

Townsend did not refile the objections. Instead, she filed a "demand for recusal, internal investigation, and enforcement of duty," requesting that the district court judge recuse himself for violating her right to "fair and equitable hearings" for the same reasons cited in her motion to recuse the magistrate judge. She again complained that the court was attempting to hold her as a *pro se* party to the standards required of a licensed attorney. She also requested that the court forward the action to Georgia's Attorney General for review of whether the magistrate judge and the district court judge should be removed from office due to their actions. Finally, she requested that a jury trial be scheduled.

The district court denied her motion for recusal for the same reasons cited by the magistrate judge, again explaining that adverse

the magistrate judge had the statutory authority to enter an R&R in this case and Townsend's consent was not required.

rulings do not constitute a basis for recusal. The district court then adopted the R&R, granted Aptar's motion for judgment on the pleadings, and dismissed the action. This appeal followed.

## II.    Discussion

Liberally construing her brief, Townsend asserts that the magistrate judge and the district court violated her due process rights through a number or rulings and their failure to take certain actions and "acted with bias intent, in favor of Defendant/Aptar."[7] With regard to the motion for judgment on the pleadings, Townsend argues that the EEOC wrongfully dismissed the charges, and that she had an employer/employee relationship with Aptar for purposes of her ADEA claim of discrimination and retaliation.[8]

### A.  Motions for Recusal

"We review a judge's decision to recuse for abuse of discretion." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). Section 455 of Title 28 of the United States Code sets forth two conditions for recusal. 28 U.S.C. § 455(a)–(b). First, subsection (a)

---

[7] Because Townsend cited these same alleged due process violations in her motions to recuse below and she refers to the magistrate judge's and district court's alleged bias against her, we construe her arguments as a challenge to the magistrate judge's and district court's denial of her motions to recuse.

[8] Townsend also argues that her suit was timely and that the district court erred in taking notice of an *ex parte* e-mail exchange to conclude otherwise. We do not reach this issue because we assume for purposes of this appeal that her suit was timely.

provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). The question for purposes of § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal citations and quotations omitted).

Second, under subsection (b), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1); *see also Patti*, 337 F.3d at 1321 (explaining that recusal under subsection (b) is mandatory once any of the enumerated circumstances in (b) are established). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quotations omitted). Importantly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current . . . [or] prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal

motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Townsend has not shown an abuse of discretion in the magistrate judge's or the district court's decisions to deny her motions to recuse. Her support for recusal is based on various judicial actions taken by the magistrate judge and the district court judge, but "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *Id.* Furthermore, there is no evidence of persuasive bias or prejudice on the part of either judge. And nothing in the record of this case would cause an objective, disinterested lay observer to question the judges' impartiality in the instant case. *Patti*, 337 F.3d at 1321. Accordingly, Townsend's claim fails.[9]

---

[9] To the extent that Townsend argues that the magistrate judge and district court violated her due process rights by improperly holding her as a *pro se* party to the standards of a licensed attorney and striking many of her filings for failure to comply with various local rules, we disagree. While *pro se* pleadings are afforded liberal construction, "we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotations omitted). Here, the magistrate judge and the district court repeatedly notified Townsend of the deficiencies in her stricken pleadings, explained how to correct them, and gave her an opportunity to refile—an opportunity which she did not take. Accordingly, the district court did not abuse its discretion in striking her filings and did not improperly hold her to the standards of an attorney. *See Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (explaining that we "review a district court's application of local rules for abuse of discretion," giving "great deference to a district court's interpretation of its local rules." (quotations omitted)).

### B. Motion for Judgment on the Pleadings

We review a district court's grant of a motion for "judgment on the pleadings *de novo*." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.*; *see also Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts."). "We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon*, 250 F.3d at 1301.

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under [Federal Rule of Civil

---

To the extent she challenges the district court's decision not to appoint her counsel, it does not appear that she ever requested counsel as there is no motion for appointment of counsel in the record or a ruling denying counsel. Although she mentioned in a single sentence of a miscellaneous affidavit that she submitted that she would like appointed counsel, she never followed up on this request or made efforts to make the district court aware of it. Regardless, "[a] plaintiff in a civil case has no constitutional right to counsel" and the district court "should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Furthermore, "[t]he district court has broad discretion in making this decision." *Id.* Under the circumstances of this case, we find no abuse of discretion in the district court's decision not to appoint counsel because no exceptional circumstances were present.

Procedure] 12(b)(6)." *Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022) (quotations omitted). Thus, "[t]o survive a motion for judgment on the pleadings, . . . the factual allegations must be enough to raise a right to relief above the speculative level—with enough facts to state a claim to relief that is plausible on its face." *Id.* (quotations omitted). Importantly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations omitted).

The ADEA makes it "unlawful for an employer" to discriminate against an employee because of the employee's age. *See* 29 U.S.C. § 623(a)(1). To prevail on a claim for discrimination under the ADEA, the plaintiff "must prove: 1) an employer, 2) failed or refused to hire or to discharge, 3) any individual, 4) with respect to [her] compensation, terms, conditions, or privileges of employment, 5) because of such individual's age." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1262–63 (11th Cir. 1997). Thus, first and foremost, "a plaintiff can only recover if [she] is able to prove an 'employer' discriminated against [her] on the basis of age." *Id.* at 1263 (emphasis omitted).

To prevail on a claim for retaliation under the ADEA, a plaintiff must show that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action [by her employer]; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

Townsend cannot prevail under either the discrimination or the retaliation standard because she has not alleged Aptar is her "employer" for purposes of the ADEA.  Townsend alleged in her complaint that she worked for PPS and that PPS placed her in a temporary production worker position with Aptar.  She then alleged that Aptar engaged in unlawful age discrimination when it directly hired a younger worker for the same role that Townsend occupied instead of filling that position through a temporary staffing agency.[10]  Further, she asserted that, when she complained about unspecified concerns, Aptar unlawfully retaliated by discharging her.  The problem with these allegations is that they do not plausibly show that Townsend was an employee of Aptar—or stated differently, that Aptar was her employer.  Instead, even when construed in the light most favorable to Townsend, the allegations merely show that she was an employee of the temporary staffing agency and had been only temporarily detailed to Aptar.

Although Townsend now asserts in her brief on appeal facts that purportedly establish that Aptar should be considered her "employer" under a joint employer theory of liability, those allegations were not in her complaint and were not before the district court.  Rather, Townsend's complaint alleged no facts concerning the relationship between Aptar and PPS or those respective entities' authority over her day-to-day work activities or

---

[10] Notably, Townsend did not allege that she applied for the position that was filled with the direct hire younger worker.

the terms of her employment.  Accordingly, because Townsend's complaint when taken as true failed to state a plausible claim for discrimination or retaliation under the ADEA, the district court properly granted the motion for judgment on the pleadings and dismissed the case.  *See Samara*, 38 F.4th at 152.

### III.    Conclusion

For the above reasons, we affirm.

**AFFIRMED.**